[Cite as *Thomas v. Barberton Bldg. Dept.*, 2011-Ohio-4493.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

SEAN A. THOMAS

    Appellant

    v.

THE BUILDING DEPARTMENT
CITY OF BARBERTON AND
JIM BAUSHLINGER

    Appellee

C.A. No.     25628

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.     CV 2010-04-2698

## DECISION AND JOURNAL ENTRY

Dated: September 7, 2011

BELFANCE, Presiding Judge.

{¶1} Appellant Sean A. Thomas appeals, pro se, from the order of the Summit County Court of Common Pleas dismissing his administrative appeal from the Barberton Board of Zoning Appeals ("Board"). For the reasons set forth below, we affirm.

I.

{¶2} On November 19, 2009, the property at 315 Lucas Street in Barberton, Ohio, was posted condemned and ordered demolished by the Barberton Building Department. Mr. Thomas was living in the property at the time the order was posted and had been for approximately two

and one-half to three years prior. The record owner of the property was Ruth Kiefer, alleged mother of Mr. Thomas. Ms. Kiefer passed away intestate prior to the condemnation order. An estate has not been opened for Ms. Kiefer nor has an administrator been assigned.

{¶3} Mr. Thomas submitted an application to the Board to appeal the order of the Building Department in December 2009. After holding a hearing in January 2010, the Board voted to deny the appeal. Mr. Thomas then timely appealed the decision of the Board to the Summit County Court of Common Pleas.

{¶4} In the common pleas court hearing, the Board argued that Mr. Thomas did not have legal standing to appeal its decision as he did not hold legal title to the property. The court agreed and dismissed the appeal. Mr. Thomas has appealed pro se raising a single assignment of error with multiple parts, all of which relate to standing.

II.

STANDING

{¶5} Mr. Thomas' sole assignment of error challenges the common pleas court's determination that he lacked the legal standing required to pursue an administrative appeal of the Board's decision to raze the structure at 315 Lucas Street, Barberton, Ohio. We disagree.

{¶6} Standing is a legal question, and therefore we review the standing determination of the court of common pleas de novo. *State ex rel. N. Ohio Chapter of Associated Builders & Contrs., Inc. v. Barberton City School Dist. Bd. of Edn.*, 188 Ohio App.3d 395, 2010-Ohio-1826, ¶10. The burden is on the party claiming standing to appeal to prove that such standing exists. *Jenkins v. Gallipolis* (1998), 128 Ohio App.3d 376, 381, citing *Willoughby Hills v. C.C. Bar's Sahara, Inc.* (1992), 64 Ohio St.3d 24, 26.

{¶7}    Statutory or constitutional authority is required to appeal a determination of an administrative agency.  *Willoughby Hills,* 64 Ohio St.3d at 26.  R.C. 2506.01(C) authorizes appeals of administrative decisions that "determine[] rights, duties, privileges, benefits, or legal relationships of a person."  However, it "does not address the question of *who* has standing to bring such * * * appeal[s]."  (Emphasis in original.)  *Willoughby Hills,* 64 Ohio St.3d at 26.  Under common law, a party has standing to appeal an administrative order only if the party can demonstrate a present interest in the subject matter of the litigation which has been prejudiced.  Id.  In other words, "'[a]ppeal lies only on behalf of a party aggrieved by the final order appealed from.  Appeals are not allowed for the purposes of settling abstract questions, but only to correct errors injuriously affecting the appellant.'"  Id., quoting *Ohio Contract Carriers Assn., Inc. v. Pub. Util. Comm.* (1942), 140 Ohio St. 160, paragraph one of the syllabus.  "A future, contingent, or speculative interest is not sufficient to confer standing to appeal."  *Midwest Fireworks Mfg. Co., Inc. v. Deerfield Twp. Bd. of Zoning Appeals* (2001), 91 Ohio St.3d 174, 177.

{¶8}    As it is not clear to this Court from the record before us who has a present legal interest in the property at issue, we cannot conclude that Mr. Thomas met his burden to establish that he has standing to appeal the Board's decision.  See *Willoughby Hills,* 64 Ohio St.3d at 26.  Accordingly, the court of common pleas did not err in dismissing Mr. Thomas' appeal.

{¶9}    Mr. Thomas' sole argument on appeal is that, as a son of Ruth Kiefer, he has inherited an interest in her estate under R.C. 2105.06.  He further asserts that this interest is a present interest sufficient to confer standing under R.C. 2506.01 because "in intestate estates, where heirs take by way of inheritance, they take title to the real estate immediately upon the death of the intestate[.]"  *Winters Natl. Bank & Trust Co. v. Riffe* (1965), 2 Ohio St.2d 72, 76.

Even assuming that Mr. Thomas has inherited an interest in Ruth Kiefer's *estate*, Mr. Thomas still has not demonstrated that he has an interest in the *property* at issue. While Mr. Thomas may be an heir of Ruth Kiefer, there is no evidence in the record to suggest that he would be an heir entitled to inherit the house at issue. The record does not contain the type of information or the detail necessary to discern which heir or heirs would inherit the property. Thus, even assuming that Mr. Thomas is an heir, he has not demonstrated that he has a present legal interest in the property via inheritance.

{¶10} Moreover, from the record, it appears the property at issue may be in the process of foreclosure with at least one lender having an outstanding mortgage on the property. Thus, even assuming Mr. Thomas had inherited some present legal interest in the property, it is unclear from the record before us what interest is left to inherit. We conclude that Mr. Thomas failed to meet his burden to establish his standing to appeal. Accordingly, we overrule Mr. Thomas' assignment of error.

III.

{¶11} In light of the foregoing, we conclude the Summit County Court of Common Pleas did not err in dismissing Mr. Thomas' appeal, and therefore, affirm its judgment.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

EVE V. BELFANCE
FOR THE COURT

WHITMORE, J.
DICKINSON, J.
CONCUR

APPEARANCES:

SEAN A. THOMAS, pro se, Appellant.

JAMES A. MERLITTI, Attorney at Law, for Appellee.