[Cite as *Deutsche Bank v. Holloway*, 2013-Ohio-5194.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

DEUTSCHE BANK NATIONAL TRUST
COMPANY

      Appellee

      v.

THERON HOLLOWAY, et al.

      Appellants

C.A. No.     12CA010331


APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    11CV171573

DECISION AND JOURNAL ENTRY

Dated: November 25, 2013

BELFANCE, Judge.

{¶1}    Theron and Debra Holloway appeal the judgment of the Lorain County Court of Common Pleas. For the reasons set forth below, we reverse.

I.

{¶2}    On October 1, 2005, Mr. Holloway signed a promissory note for $120,000 ("the Note"). The Note was secured by a mortgage ("the Mortgage"), which was also signed by Mrs. Holloway, on the Holloways' home. While the lender on the Note was Intervale Mortgage Corporation, Mortgage Electronic Registration Systems, Inc. ("MERS") was listed as the mortgagee on the Mortgage. Intervale endorsed the Note in favor of Decision One Mortgage Company, and Decision One subsequently endorsed the Note in blank.[1] On May 23, 2008,

---

[1] It is not possible to determine when these endorsements occurred based on the record in this case.

MERS assigned the Mortgage to "Deutsche Bank National Trust Company, as Trustee[.]"[2] On February 24, 2010, a second assignment occurred with "Deutsche Bank * * *, as Trustee[]" assigning the Mortgage to "Deutsche Bank * * *, as Trustee for Morgan Stanley Capital I Inc. Trust 2006-HE2; Mortgage Pass-Through Certificates, Series 2006-HE2[.]"

{¶3}     Deutsche Bank filed a complaint of foreclosure against the Holloways on April 1, 2011, alleging that it was the holder of the Note and the Mortgage and that Mr. Holloway was in default on the Note.   The Holloways answered the complaint and denied Deutsche Bank's allegations.   The case was referred to mediation and placed on the trial court's inactive docket.   However, mediation failed, the case was reactivated, and Deutsche Bank moved for summary judgment.   The Holloways moved in opposition, and Deutsche Bank filed a reply to the Holloways' opposition.   The magistrate issued a decision recommending Deutsche Bank's motion for summary judgment be granted, and the trial court adopted the magistrate's decision the same day.   Twelve days later, the Holloways filed objections to the magistrate's decision; however, before the trial court ruled on their objections, the Holloways filed the present appeal, raising a single assignment of error for our review.   *See* Civ.R. 53(D)(3)(b); App.R. 4(B)(2).   *See also Miller v. Miller*, 9th Dist. Medina No. 10CA0034-M, 2011-Ohio-4299, ¶ 16-20.

II.

ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED AS [A] MATTER OF LAW IN GRANTING THE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT.

---

[2] The assignment does not indicate for whom Deutsche Bank supposedly was operating as trustee.

{¶4} The Holloways argue that the trial court's award of summary judgment was inappropriate because Deutsche Bank failed to demonstrate that it had standing to initiate the foreclosure action. We agree.

{¶5} This Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). "We apply the same standard as the trial court, viewing the facts of the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party." *Garner v. Robart*, 9th Dist. Summit No. 25427, 2011–Ohio–1519, ¶ 8.

{¶6} Pursuant to Civ.R. 56(C), summary judgment is appropriate when:

> (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977). To succeed on a summary judgment motion, the movant bears the initial burden of demonstrating that there are no genuine issues of material fact concerning an essential element of the opponent's case. *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996). If the movant satisfies this burden, the nonmoving party "'must set forth specific facts showing that there is a genuine issue for trial.'" *Id*. at 293, quoting Civ.R. 56(E).

{¶7} In support of its motion for summary judgment, Deutsche Bank submitted the affidavit of Michael Brown, copies of the Note and the Mortgage, and copies of the assignments of the Mortgage. Mr. Brown averred that he was "authorized to execute this affidavit on behalf of JPMorgan Chase Bank, National Association * * *" and that JPMorgan Chase was "the servicer of the loan and is authorized to act on behalf of the holder of the Note[.]" Mr. Brown

further averred that he had access to the business records of JPMorgan Chase, that those records contained the Note and the Mortgage, and that the copies of the Note and the Mortgage attached to his affidavit were true and accurate copies.

{¶8} The Holloways argue that Deutsche Bank failed to demonstrate that it had standing to initiate the suit against them. We agree because Mr. Brown's affidavit fails to establish that Deutsche Bank is currently the holder of the Note or that it held the Note when it filed the complaint. *BAC Home Loan Servicing, LP. v. McFerren*, 9th Dist. Summit No. 26384, 2013-Ohio-3228, ¶ 8, 13 (concluding that a plaintiff must hold the note *and* the mortgage in order to have standing to initiate a foreclosure action). *See also Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, ¶ 28. As noted above, the Note identified the original lender as Intervale and contained two endorsements: (1) from Intervale to Decision One and (2) by Decision One in blank. "When an instrument is indorsed in blank, the instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specially indorsed." R.C. 1303.25(B). Thus, because the Note was endorsed in blank, the holder of the Note was the party in possession of it. Therefore, it is not clear from the face of the Note what entity is the holder.

{¶9} Nevertheless, Deutsche Bank argues that Mr. Brown's affidavit demonstrates that it is the holder. However, Mr. Brown's affidavit merely indicated that JPMorgan Chase "is the servicer of the loan and is authorized to act on behalf of the holder of the Note[]" without identifying for whom JPMorgan Chase is servicing the loan. Furthermore, there is nothing in the record that would provide any insight into what JPMorgan Chase's relationship is with any of the

parties in this case.[3]  Thus, the evidence regarding the Note submitted by Deutsche Bank demonstrated solely that the Note was endorsed in blank, that JPMorgan Chase had the Note in its business records, and that JPMorgan Chase was servicing the loan for the holder of the Note. When viewed in the light most favorable to the Holloways, Deutsche Bank's summary judgment evidence certainly does not establish that it is currently the holder of the Note or was the holder when it filed the complaint.  *McFerren*, 2013-Ohio-3228, at ¶ 8, 13; *Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, at ¶ 28.  Thus, the trial court's award of summary judgment was inappropriate.

{**¶10**}  Accordingly, the Holloways' assignment of error is sustained.

III.

{**¶11**}  In light of the foregoing, the judgment of the Lorain County Court of Common Pleas is reversed, and the matter is remanded for further proceedings consistent with this opinion.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

---

[3] It is also unclear what Mr. Brown's relationship is with the parties.  While Mr. Brown avers that he is a "Vice President," he does not aver for whom.  Although some inferences could be drawn from Mr. Brown's access to the business records of JPMorgan Chase, any conclusion would be little more than speculation.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

_____
EVE V. BELFANCE
FOR THE COURT

MOORE, P. J.
CONCURS.

CARR, J.
DISSENTING.

{¶12} I agree with the majority's conclusion that Deutsche Bank did not establish that it was the holder of the Note at the time the complaint was filed, but I would not remand this matter for further proceedings under these circumstances. *See BAC Home Loan Servicing, LP v. McFerren*, 9th Dist. Summit No. 26384, 2013-Ohio-3228, ¶ 17 (Carr, J., dissenting). Instead, I would hold that Deutsche Bank's failure to demonstrate standing at the commencement of this foreclosure action requires dismissal of the complaint pursuant to the Supreme Court of Ohio's decision in *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, ¶ 40; *see also Wells Fargo Bank NA v. Horn*, 9th Dist. Lorain No. 12CA010230, 2013-Ohio-2374.

APPEARANCES:

KENNETH J. LEWIS, Attorney at Law, for Appellant.

ANNE MARIE SFERRA and NELSON M. REID, Attorneys at Law, for Appellee.