[Cite as *U.S. Bank v. Cooper*, 2014-Ohio-61.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

U.S. BANK, N.A.

    Appellee

    v.

MICHAEL A. COOPER, et al.

    Appellants

C.A. No.     12CA0084-M

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No.    07CIV0903

DECISION AND JOURNAL ENTRY

Dated: January 13, 2014

---

MOORE, Presiding Judge.

{¶1}   Appellants, Michael and Tammy Cooper ("the Coopers"), appeal from the judgment of the Medina County Court of Common Pleas. This Court reverses and remands to the trial court for the complaint to be dismissed.

I.

{¶2}   On May 27, 2005, Mr. Cooper executed a promissory note for $224,100 in favor of Manhattan Mortgage Group, LTD for the property located at 8521 Wooster Pike Road, Seville, Ohio 44273. The note was secured by a mortgage on the property in favor of Mortgage Electronic Registration Systems, Inc. ("MERS").

{¶3}   On June 8, 2007, U.S. Bank, National Association as Trustee ("U.S. Bank") filed a complaint for foreclosure alleging that the Coopers were in default under the terms of their note and mortgage in the amount of $220,896.21. U.S. Bank attached the following exhibits to its complaint:  (1) a copy of the original mortgage initialed and signed by the Coopers, (2) a

property description for 8521 Wooster Pike Road, and (3) a notice of a federal tax lien on the property. U.S. Bank did not attach a copy of the note to its complaint, and indicated that although it is the holder and owner of the note, a copy of the note "is unavailable at this time." In August of 2007, the Coopers filed an answer, and in September of 2007, U.S. Bank filed a motion for summary judgment.

{¶4} In its motion for summary judgment, U.S. Bank alleged that because of the Coopers' default, it "had a right to accelerate and call due the entire balance on the Note." In support, U.S. Bank attached: (1) the affidavit of China Brown, vice president of loan documentation for Wells Fargo Bank, N.A., as servicing agent of U.S. Bank, (2) a copy of the May 27, 2005 note to Manhattan Mortgage Group, LTD, signed by Michael Cooper, (3) an undated note allonge from Manhattan Mortgage Group, LTD, to Mortgage Lenders Network, USA Inc., (4) an undated note allonge from Mortgage Lenders Network, USA Inc., to Emax Financial Group, LLC, (5) an undated note allonge from Emax Financial Group, LLC, to Residential Funding Company, LLC fka Residential Funding Corporation, (6) an undated note allonge from Residential Funding Corporation, to U.S. Bank, with incorrect information as to: (a) the date of the original note, (b) the original amount due, and (c) the name of the borrower, and (7) a copy of the May 27, 2005 mortgage to Manhattan Mortgage Group, LTD.

{¶5} Prior to ruling on U.S. Bank's motion for summary judgment, the trial court referred the matter to mediation. After an unsuccessful attempt to settle the case, the trial court scheduled a non-oral motion hearing in May of 2008. Additionally, U.S. Bank filed: (1) a motion for default judgment against those defendants who failed to answer, and (2) a notice of assignment of the mortgage from MERS to U.S. Bank dated June 11, 2007. The Coopers did not oppose the motion for summary judgment, and a proposed decree of foreclosure circulated

among the represented parties. The record indicates that Attorney A. Michelle Jackson authorized her signature on behalf of the Coopers. While all other signatures are dated for June of 2008, Ms. Jackson's signature is dated for June of 2006, and the consent entry is time-stamped July 7, 2008. The Coopers did not appeal from this order.

{¶6} On November 5, 2010, the Coopers filed a motion for relief from judgment pursuant to Civ.R. 60(B). A magistrate of the trial court denied the Coopers' motion because it failed to meet the requirements in *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146 (1976). However, the magistrate also indicated that:

> In reality, summary judgment was granted because the [Coopers] effectively consented to the decree in foreclosure. The [Coopers] never responded in opposition to [U.S. Bank's] motion for summary judgment despite the fact it was scheduled for non-oral hearing on two different occasions. [U.S. Bank's] motion for summary judgment was *riddled with defects that generally would have precluded the granting of summary judgment* by this [c]ourt unless the parties agreed otherwise.
>
> For example, without even addressing the potential robo-signor issue, the affidavit of China Brown was still defective. None of the allonges first attached to the motion for summary judgment were properly authenticated by the affidavit. The mortgage and note contain acceleration provisions. Compliance with the acceleration provisions was never mentioned in the affidavit. In fact, the acceleration clauses, as conditions precedent, were not even mentioned in the complaint. The assignment of mortgage was not filed until over 30 days [after] the matter for non-oral summary judgment decision.

(Emphasis added.) The Coopers filed objections to the magistrate's decision, stating: (1) the motion for summary judgment was granted in error, (2) the Coopers were not aware of U.S. Bank's fraudulent activity until October 2010, and (3) Wells Fargo, the servicer of the loan, entered into a consent judgment entry in federal court, which should be followed in the instant matter. The trial court overruled the objections and adopted the magistrate's decision.

{¶7} The Coopers filed a timely notice of appeal, setting forth two assignments of error for our consideration.

II.

**ASSIGNMENT OF ERROR I**

THE TRIAL COURT ERRED IN AFFIRMING AND ADOPTING THE MAGISTRATE'S DECISION FILED ON JULY 5, 2012, DENYING THE [COOPERS'] MOTION FOR RELIEF [FROM] JUDGMENT, BECAUSE [U.S. BANK] IS NOT A REAL PARTY IN INTEREST AND LACKED STANDING TO INVOKE THE JURISDICTION OF THE COURT.

**{¶8}** In their first assignment of error, the Coopers argue that, pursuant to *Federal Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017 (2012), U.S. Bank did not have standing to file its foreclosure complaint. The Coopers further argue that the trial court did not have subject matter jurisdiction over the foreclosure action because U.S. Bank did not have an interest in the mortgage at the time of the commencement of the lawsuit.

**{¶9}** Because the Coopers allege that U.S. Bank did not have standing to file the foreclosure complaint, and that the trial court lacked jurisdiction over the matter, they present a legal question that this Court reviews de novo. *See Quantum Servicing Corp. v. Haugabrook*, 9th Dist. Summit No. 26542, 2013-Ohio-3516, ¶ 7, citing *Thomas v. Bldg. Dept. of Barberton*, 9th Dist. Summit No. 25628, 2011-Ohio-4493, ¶ 6. *See also FirstMerit Bank v. Wood*, 9th Dist. Lorain No. 09CA009586, 2010-Ohio-1339, ¶ 5, quoting *Eisel v. Austin*, 9th Dist. Lorain No. 09CA009653, 2010-Ohio-816, ¶ 8 ("[A] [c]hallenge[] to a * * * court's jurisdiction present[s] [a] question[ ] of law and [is] reviewed by this Court de novo.")

**{¶10}** Further, "[a] party should not file a Civ.R. 60(B) motion for relief from judgment in order to have the void judgment vacated or set aside, since Civ.R. 60(B) motions apply only to judgments that are voidable rather than void." (Internal quotations and citations omitted.) *State ex rel. DeWine v. 9150 Group, L.P.*, 9th Dist. Summit No. 25939, 2012-Ohio-3339, ¶ 7. "This is because the power to vacate a void judgment does not arise from Civ.R. 60(B), but rather, from

an inherent power possessed by the courts in this state." *Id.*, citing *Patton v. Diemer*, 35 Ohio St.3d 68 (1988), paragraph four of the syllabus. "Therefore, a common law motion to vacate a void judgment need not meet the standards applicable to a Civ.R. 60(B) motion." *State ex rel. DeWine* at ¶ 7. As such, this Court will treat the motion below as a common law motion to vacate, and our analysis will not include discussion of the *GTE Automatic Elec., Inc.* factors.

**{¶11}** Pursuant to Civ.R. 17(A), "[e]very action shall be prosecuted in the name of the real party in interest." "The real party in interest in a foreclosure action 'is the current holder of the note and mortgage.'" *Haugabrook* at ¶ 8, citing *Wells Fargo Bank N.A. v. Horn*, 9th Dist. Lorain No. 12CA010230, 2013-Ohio-2374, ¶ 10, quoting *U.S. Bank, N.A. v. Richards*, 189 Ohio App.3d 276, 2010-Ohio-3981, ¶ 13 (9th Dist.). However, Civ.R. 17(A) does not apply "unless the plaintiff has standing to invoke the jurisdiction of the court in the first place." (Internal quotations omitted). *Haugabrook* at ¶ 8.

**{¶12}** In *Schwartzwald*, 134 Ohio St.3d 13, at ¶ 3, the Supreme Court of Ohio stated that "receiving an assignment of a promissory note and mortgage from the real party in interest subsequent to the filing of an action but prior to the entry of judgment does not cure a lack of standing to file a foreclosure action." "The Ohio Constitution provides in Article IV, Section 4(B): '[t]he courts of common pleas and divisions thereof shall have such original jurisdiction *over all justiciable matters* and such powers of review of proceedings of administrative officers and agencies as may be provided by law.'" (Emphasis sic.) *Id*. at ¶ 20.

> Whether a party has a sufficient stake in an otherwise justiciable controversy to obtain judicial resolution of that controversy is what has traditionally been referred to as the question of standing to sue. Where the party does not rely on any specific statute authorizing invocation of the judicial process, the question of standing depends on whether the party has alleged * * * a personal stake in the outcome of the controversy.

(Internal quotations omitted.) *Id*. at ¶ 21, quoting *Cleveland v. Shaker Hts*., 30 Ohio St.3d 49, 51 (1987). Standing is a jurisdictional matter and, therefore, must be established at the time the complaint is filed. *Schwartzwald* at ¶ 24.

{¶13} At the commencement of an action, if a plaintiff does not have standing to invoke the court's jurisdiction, the "common pleas court cannot substitute a real party in interest for another party if no party with standing has invoked its jurisdiction in the first instance." *Id*. at ¶ 38. "The lack of standing at the commencement of a foreclosure action requires dismissal of the complaint; however, that dismissal is not an adjudication on the merits and is therefore without prejudice." *Id*. at ¶ 40.

{¶14} Here, the record indicates that U.S. Bank filed its complaint on *June 8, 2007*. However, the assignment of the mortgage from MERS to U.S. Bank is dated *June 11, 2007*. Further, the note allonge from Residential Funding Corporation to U.S. Bank is undated, and contains incorrect information regarding: (1) the name of the borrower (listing the borrower as Richard Cooper instead of Michael Cooper), (2) the date of the original loan (listing the date of the original loan as June 23, 2005, instead of May 27, 2005), and (3) the amount of the original loan (listing the amount of the original loan as $21,200, instead of $224,100). Additionally, although the trial court identified serious defects with the evidence attached to U.S. Bank's motion for summary judgment, including with the assignment, it endorsed and journalized the decree of foreclosure because the parties allegedly consented.

{¶15} Upon careful review of the record, we see no evidence that U.S. Bank had standing to file its foreclosure complaint against the Coopers on June 8, 2007. The assignment of the mortgage itself clearly shows that U.S. Bank came into possession of the mortgage on June 11, 2007, three days after the complaint was filed. Also, there is no indication in the record

as to when U.S. Bank became the holder of the Coopers' note because the allonges are undated and contain inaccurate information. Therefore, in accordance with *Schwartzwald*, this Court sustains the Coopers' first assignment of error and orders the trial court to dismiss the complaint without prejudice.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED IN DENYING THE [COOPERS'] MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO CIVIL RULE 60(B) BECAUSE [] [U.S. BANK] IS NOT A PARTY IN INTEREST.

{¶16} Based upon our resolution of the Coopers' first assignment of error, we conclude that the second assignment of error is moot. *See* App.R. 12(A)(1)(c).

### III.

{¶17} In sustaining the Coopers' first assignment of error, and deeming the second assignment of error moot, the judgment of the Medina County Court of Common Pleas is reversed and the cause is remanded for further proceedings consistent with this decision.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

 

 

CARLA MOORE
FOR THE COURT

 

CARR, J.
WHITMORE, J.
CONCUR.

APPEARANCES:

JOHN C. OBERHOLTZER, Attorney at Law, for Appellants.

SCOTT A. KING and CHRISTINE M. COOPER, Attorneys at Law, for Appellee.