[Cite as *Bank of Am., N.A. v. Loya*, 2014-Ohio-2750.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

BANK OF AMERICA, N.A.

    Appellee

    v.

DUANE LOYA, et al.

    Appellants

C.A. No.    26973

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV 2012 05 2953

DECISION AND JOURNAL ENTRY

Dated: June 25, 2014

---

MOORE, Presiding Judge.

{¶1} Defendant-Appellant, Duane Loya, appeals from the judgment of the Summit County Court of Common Pleas, granting summary judgment and approving a decree of foreclosure in favor of Plaintiff-Appellee, Bank of America, N.A. ("Bank of America"). This Court reverses.

I.

{¶2} On February 17, 2009, Mr. Loya executed a note in the amount of $181,473 in favor of EverBank for property located at 3167 Englewood Drive in Stow. The note was secured by a mortgage in favor of EverBank, executed the same day, on the same property. The mortgage named Mortgage Electronic Registration System, Inc. ("MERS") as EverBank's nominee. It was recorded on February 25, 2009.

{¶3}    On May 18, 2012, Bank of America filed a complaint for foreclosure against Mr. Loya, as the current holder of his note and mortgage.[1]  Bank of America alleged that Mr. Loya had defaulted on his loan payments and, pursuant to the terms of the note and mortgage, Bank of America was entitled to accelerate the balance of his loan.  Bank of America sought judgment in the amount of $179,927.43, at an interest rate of 5%, as well as a decree of foreclosure.

{¶4}    After Mr. Loya filed his answer, Bank of America filed a motion for summary judgment.  Mr. Loya opposed the motion.  Bank of America then filed a reply, and Mr. Loya filed a surreply.  Upon its consideration of the parties' respective filings, the trial court granted Bank of America's motion for summary judgment.  The court ordered foreclosure and awarded Bank of America $179,927.43, plus interest and late fees from October 1, 2009.

{¶5}    Mr. Loya now appeals from the court's judgment and raises four assignments of error for our review.  For ease of analysis, we rearrange and consolidate several of the assignments of error.

II.

**ASSIGNMENT OF ERROR II**

THE TRIAL COURT ERRED WHEN IT GRANTED [BANK OF AMERICA] SUMMARY JUDGMENT BASED UPON THE HEARSAY TESTIMONY CONTAINED WITHIN THE AFFIDAVIT OFFERED IN SUPPORT OF SUMMARY JUDGMENT[.]

**ASSIGNMENT OF ERROR IV**

THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT AWARDED SUMMARY JUDGMENT IN FORECLOSURE WHEN [BANK OF AMERICA] FAILED TO OFFER ANY EVIDENCE WHATSOEVER THAT IT WAS THE ASSIGNEE OF THE NOTE OR MORTGAGE.

---

[1] The suit also named Candy Loya as a defendant.  Because Ms. Loya is not a party on appeal, we limit our discussion to the suit against Mr. Loya.

{¶6} In his second assignment of error, Mr. Loya argues that the trial court erred by granting Bank of America's motion for summary judgment because the bank's affiant lacked personal knowledge to attest to the bank's possession of his note and mortgage. In his fourth assignment of error, Mr. Loya argues that the court erred by granting the bank's motion because the bank lacked standing to file its foreclosure complaint. Because the assignments of error are interrelated, we address them together.

{¶7} An appellate court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). It applies the same standard as the trial court, viewing the facts of the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. *Viock v. Stowe-Woodward Co.*, 13 Ohio App.3d 7, 12 (6th Dist.1983). Pursuant to Civ.R. 56(C), summary judgment is proper if:

> (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in the favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977). The moving party bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-93 (1996). Once this burden is satisfied, the non-moving party bears the burden of offering specific facts to show a genuine issue for trial. *Id.* at 293; Civ.R. 56(E).

{¶8} "It is fundamental that a party commencing litigation must have standing to sue in order to present a justiciable controversy and invoke the jurisdiction of the common pleas court." *Federal Home Loan Mortg. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, ¶ 41. "The lack of standing at the commencement of a foreclosure action requires dismissal of the

complaint * * *." *Id.* at ¶ 40. Pursuant to Civ.R. 17(A), actions must be prosecuted in the name of the real party in interest. "The real party in interest in a foreclosure action is the current holder of the note and mortgage." (Internal quotations and citations omitted.) *U.S. Bank v. Cooper*, 9th Dist. Medina No. 12CA0084-M, 2014-Ohio-61, ¶ 11. "A 'holder' of a note made payable to an identified person is that person when in possession of the note." *Bank of New York Mellon Trust Co. Natl. v. Mihalca*, 9th Dist. Summit No. 25747, 2012-Ohio-567, ¶ 12, citing R.C. 1301.201(B)(21)(a). If an instrument is endorsed in blank, "the instrument becomes payable to bearer and may be negotiated by transfer of possession alone." R.C. 1303.25(B). "Further, a party may gain interest in a note or mortgage through a chain of mergers." (Internal citations omitted.) *Bank of America, N.A. v. McCormick*, 9th Dist. Summit No. 26888, 2014-Ohio-1393, ¶ 8.

{¶9} Bank of America filed two affidavits in support of its motion for summary judgment. In the first affidavit, Tara Marie Bradley identified herself as an assistant vice president of Bank of America and averred that she was authorized to sign her affidavit on the bank's behalf. Ms. Bradley averred that Bank of America maintained records "for the subject loan" and she had "personal knowledge of [the bank's] procedures for creating these records." Ms. Bradley did not describe her specific job duties at Bank of America, but stated that "[a]s part of [her] job responsibilities * * *, [she] [was] familiar with the type of records maintained by [Bank of America] in connection with the Loan." She further stated that she personally reviewed "the attached records" and made her affidavit "from a review of those business records and from [her] personal knowledge of how said records are created and maintained." According to Ms. Bradley, Bank of America, "directly or through an agent, has possession of the promissory note" and "is the assignee of the security instrument for the referenced loan." The only item attached

to Ms. Bradley's affidavit, however, was an account information statement from Bank of America for Mr. Loya's account.

**{¶10}** In the second affidavit, Arsheen Littlejohn identified herself as an assistant vice president of Bank of America and averred that she was authorized to sign her affidavit on the bank's behalf. Ms. Littlejohn averred that Bank of America maintained records "for the subject loan" and that she had "knowledge of [the bank's] procedures for creating these records." Identical to Ms. Bradley, Ms. Littlejohn did not describe her specific job duties at Bank of America, but stated that "[a]s part of [her] job responsibilities * * *, [she] [was] familiar with the type of records maintained by [Bank of America] in connection with the Loan." Identical to Ms. Bradley, she stated that she personally reviewed "the attached records" and made her affidavit "from a review of those business records and from [her] knowledge of how said records are created and maintained." According to Ms. Littlejohn, "Bank of America, N.A. directly or through an agent, has possession of [Mr. Loya's] promissory note and held the note at the time of filing the foreclosure complaint." She further averred that Bank of America was the assignee of Mr. Loya's mortgage and that "[t]rue and exact copies of the note and mortgage" were attached to her affidavit.

**{¶11}** The copy of the note attached to Ms. Littlejohn's affidavit contains three endorsements, following Mr. Loya's signature. One endorsement is an endorsement by EverBank, the original lender, to Countrywide Bank, FSB. Another endorsement is an endorsement by Countrywide Bank, FSB, to Bank of America. Finally, Bank of America endorsed the note in blank. Because the note was endorsed in blank, Bank of America needed to demonstrate that it had possession of the note in order to be its holder. *See* R.C. 1303.25(C). *See also Deutsche Bank v. Holloway*, 9th Dist. Lorain No. 12CA010331, 2013-Ohio-5194, ¶ 8.

To that end, both Ms. Bradley and Ms. Littlejohn averred in their respective affidavits that Bank of America, directly or through an agent, had possession of the note. Ms. Littlejohn went further and averred that possession was had at the time Bank of America filed the complaint against Mr. Loya. A question remains, however, as to whether either Ms. Bradley or Ms. Littlejohn had the knowledge necessary to make the foregoing statements.

{¶12} "[A]ffidavits submitted in support of or in opposition to motions for summary judgment 'shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit.'" *Maxum Indemnity Co. v. Selective Ins. Co. of S.C.*, 9th Dist. Wayne No. 11CA0015, 2012-Ohio-2115, ¶ 18, quoting Civ.R. 56(E). Generally, "a mere assertion of personal knowledge satisfies the personal knowledge requirement of Civ.R. 56(E) if the nature of the facts in the affidavit combined with the identity of the affiant creates a reasonable inference that the affiant has personal knowledge of the facts in the affidavit." *Bank One, N.A. v. Lytle*, 9th Dist. Lorain No. 04CA008463, 2004-Ohio-6547, ¶ 13. "If particular averments contained in an affidavit suggest that it is unlikely that the affiant has personal knowledge of those facts, [however,] then * * * something more than a conclusory averment that the affiant has knowledge of the facts [is] required." (Internal quotations and citations omitted.) *Bank One v. Swartz*, 9th Dist. Lorain No. 03CA008308, 2004-Ohio-1986, ¶ 14. This Court "cannot infer personal knowledge from the averment of personal knowledge alone." *Maxum Indemnity Co.* at ¶ 22.

{¶13} {¶17} Although Ms. Bradley and Ms. Littlejohn identified themselves as assistant vice presidents of Bank of America and both averred that they had familiarity with the "type of records" at issue in this case "[a]s part of [their] job responsibilities," neither of them

explained what their job responsibilities actually entailed. *See Mihalca*, 2012-Ohio-567, at ¶ 17 (affiant's personal knowledge questioned, in part, due to her failure to state how her position made her familiar with the borrower's account records). Even assuming that their affidavits established their personal knowledge of Bank of America's business records, however, both acknowledged that they made their affidavits based on their review of the business records attached to those affidavits. The only item attached to Ms. Bradley's affidavit was an account information statement. The account information statement does not disclose when, if ever, Bank of America came into possession of the note. Indeed, it does not provide the reader with any information about the note. It only contains a list of payments on an account, purportedly attributed to Mr. Loya. Thus, Ms. Bradley, whose knowledge came from her review of the account information statement, could not have had personal knowledge of when, if ever, Bank of America came into possession of the note. *See Maxum Indemnity Co.* at ¶ 18.

{¶14} As for Ms. Littlejohn, a copy of Mr. Loya's note was attached to her affidavit, but the note contains an undated, blank endorsement. Because Mr. Loya's note is endorsed in blank, it does not, on its face, establish the entity in possession of it or when that possession occurred. *See Cooper*, 2014-Ohio-61, at ¶ 15; *Holloway*, 2013-Ohio-5194, at ¶ 8-9. Ms. Littlejohn could not have had personal knowledge of when Bank of America came into possession of the note based strictly on the note itself. The only other items attached to her affidavit that might possibly relate to the note are two pages that appear to be computer screen printouts regarding Mr. Loya's note. The second page is labeled "Document Management Services Location" and lists Recon Trust Company, N.A. as custodian of a "Collateral File." Ms. Littlejohn's affidavit makes no attempt to explain the relevance of the computer screen printouts or the identity of Recon Trust Company, N.A. Moreover, the printouts are dated January 14, 2013, a date well after Bank of

America filed its complaint against Mr. Loya. Having reviewed the business records attached to Ms. Littlejohn's affidavit, we cannot conclude that a review of the records would have allowed her to attest to the fact that Bank of America was in possession of Mr. Loya's note at the time it filed suit against him. *See Maxum Indemnity Co.* at ¶ 18.

{¶15} As previously noted, "[t]he real party in interest in a foreclosure action 'is the current holder of the note and mortgage.'" *Quantum Servicing Corp. v. Haugabrook*, 9th Dist. Summit No. 26542, 2013-Ohio-3516, ¶ 8, quoting *Wells Fargo Bank N.A. v. Horn*, 9th Dist. Lorain No. 12CA010230, 2013-Ohio-2374, ¶ 10. Bank of America's affiants lacked personal knowledge to attest to the fact that Bank of America had possession of Mr. Loya's note at the time it filed suit against him. To determine that Bank of America held the note at the time that it filed the complaint, this Court would have to make inferences on its behalf. At the summary judgment stage, however, evidence must be viewed and inferences must be drawn in a light most favorable to the non-moving party. *Stewart v. Urig*, 176 Ohio App.3d 658, 2008-Ohio-3215, ¶ 10 (9th Dist.), quoting *Harry London Candies, Inc. v. Bernie J. Kosar Greeting Card Co.*, 9th Dist. Summit No. 20655, 2002 WL 185305, *3 (Feb. 6, 2002). Viewing the evidence in a light most favorable to Mr. Loya, we must conclude that Bank of America failed to establish that it was the holder of his note at the time that it filed suit against him. As such, Bank of America was not entitled to summary judgment. *See Cooper* at ¶ 15 (complaint dismissed where no indication in record when plaintiff bank became holder of the note, which contained undated allonges); *BAC Home Loan Serv. v. McFerren*, 9th Dist. No. 26384, 2013-Ohio-3228, ¶ 9 (genuine issues where note endorsed in blank and bank failed to set forth evidence demonstrating it had possession of the note at the time it filed the complaint). In accordance with

*Schwartzwald*, this Court sustains Mr. Loya's second and fourth assignments of error and orders the trial court to dismiss the complaint without prejudice.

## ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED WHEN IT GRANTED SUMMARY JUDGMENT TO [BANK OF AMERICA] NOTWITHSTANDING THE FAILURE OF [BANK OF AMERICA] TO DEMONSTRATE COMPLIANCE WITH THE HUD REGULATIONS THAT ARE A CONDITION PRECEDENT TO THE ACCELERATION OF THE NOTE AND FORECLOSURE OF THE MORTGAGE[.]

## ASSIGNMENT OF ERROR III

THE COURT ERRED WHEN IT AWARDED SUMMARY JUDGMENT TO [BANK OF AMERICA] WHEN THERE WAS A MATERIAL QUESTION OF FACT REGARDING CONFLICTING ENDORSEMENTS ON THE NOTE FILED IN SUPPORT OF LOYA I AND LOYA II[.]

{¶16} In his first assignment of error, Mr. Loya argues that the trial court erred by granting Bank of America's motion for summary judgment because the bank failed to show that it complied with a condition precedent to acceleration and foreclosure. In his third assignment of error, Mr. Loya argues that the trial court erred by granting Bank of America's motion for summary judgment because conflicting endorsements on his note raised a genuine issue of material fact for trial. Because we have already determined that the complaint against Mr. Loya must be dismissed, the foregoing assignments of error are moot. Therefore, we decline to address them. *See* App.R. 12(A)(1)(c).

III.

{¶17} Mr. Loya's second and fourth assignments of error are sustained. His remaining assignments of error are moot. The judgment of the Summit County Court of Common Pleas is reversed, and the cause is remanded for further proceedings consistent with the foregoing opinion.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

CARLA MOORE
FOR THE COURT

BELFANCE, J.
HENSAL, J.
CONCUR.

APPEARANCES:

JAMES R. DOUGLASS, Attorney at Law, for Appellant.

SARAH E. LEIBEL, Attorney at Law, for Appellee.