[Cite as *Green Tree Servicing, L.L.C. v. Easley*, 2016-Ohio-7880.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

GREEN TREE SERVICING, LLC

     Appellee

     v.

RONALD L. EASLEY, et al.

     Appellant

C.A. No.     28056

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.     CV-2015-02-0651

DECISION AND JOURNAL ENTRY

Dated: November 23, 2016

WHITMORE, Judge.

{¶1}    Appellant, Ronald L. Easley, appeals from the December 2, 2015 judgment entry of the Summit County Court of Common Pleas. This Court reverses.

I.

{¶2}    In 2005, Mr. Easley executed a promissory note in favor of America's Wholesale Lender for the property located at 490 Saunders Avenue, Akron, Ohio 44319. Mr. Easley also signed a mortgage with America's Wholesale Lender, granting it a security interest in the property. Mortgage Electronic Registration Systems, Inc. ("MERS") is listed as nominee for America's Wholesale Lender and its successors and assigns. The Note was endorsed in blank by "Countrywide Home Loans, Inc., a New York Corporation Doing Business as America's Wholesale Lender." As of December 23, 2010, MERS assigned the Mortgage, together with the Note, to BAC Home Loans Servicing, L.P., fka, Countrywide Home Loans Servicing, L.P. Additionally, as of November 5, 2014, Bank of America, N.A. successor bank to BAC Home

Loans Servicing, L.P., formerly known as Countrywide Home Loans Servicing, L.P., assigned the Mortgage, together with the Note, to appellee, Green Tree Servicing, LLC ("Green Tree").

{¶3} On February 2, 2015, Green Tree filed a complaint in foreclosure alleging that: (1) it was the holder of the Note and Mortgage and (2) Mr. Easley was in default under the terms and conditions of the Note and Mortgage. Mr. Easley filed a pro se answer and the matter proceeded to mediation. After unsuccessful attempts at mediation, Green Tree moved for summary judgment. Mr. Easley retained counsel, moved to file an amended answer, and also filed a memorandum in opposition to Green Tree's motion for summary judgment. In response, Green Tree filed a memorandum in opposition to Mr. Easley's motion to file an amended answer, and replied to his memorandum in opposition to its motion for summary judgment. The trial court did not allow Mr. Easley's amended answer and, instead, granted Green Tree's motion for summary judgment.

{¶4} Mr. Easley now appeals, raising two assignments of error.

II

Assignment of Error Number One

THE TRIAL COURT ERRED WHEN IT GRANTED A JUDGMENT OF FORECLOSURE WHEN MATERIAL ISSUES OF FACT REMAINED INVOLVING POSSESSION AND APPEARANCE OF THE ORIGINAL NOTE[.]

{¶5} An appellate court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). It applies the same standard as the trial court, viewing the facts of the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. *See Viock v. Stowe-Woodward Co.*, 13 Ohio App.3d 7, 12 (6th Dist.1983). Pursuant to Civ.R. 56(C), summary judgment is proper if:

> (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977). The moving party bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996). Once this burden is satisfied, the non-moving party bears the burden of offering specific facts to show a genuine issue for trial. *Id*. at 293; Civ.R. 56(E).

{¶6} Both on appeal and below, Mr. Easley asserts that Green Tree's affidavit in support of its motion for summary judgment was insufficient to demonstrate the absence of a genuine issue of material fact. Specifically, Mr. Easley challenges the affidavit of Gretchen Kessner, a foreclosure supervisor for Ditech Financial LLC FKA Green Tree Servicing LLC, because it was not made upon personal knowledge and there are no business records attached to establish that Green Tree had possession of the original Note at the time the complaint was filed.

{¶7} "[A]ffidavits submitted in support of or in opposition to motions for summary judgment 'shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit.'" (Alteration sic.) *Bank of Am., N.A. v. Loya,* 9th Dist. Summit No. 26973, 2014-Ohio-2750, ¶ 12, quoting *Maxum Indemnity Co. v. Selective Ins. Co. of S.C.*, 9th Dist. Wayne No. 11CA0015, 2012-Ohio-2115, ¶ 18, quoting Civ.R. 56(E). "In addition, Civ.R. 56(E) provides that '[s]worn or certified copies of all papers or parts of papers referred to in an affidavit shall be attached to or served with the affidavit.'" (Alteration sic.) *Deutsche Bank Natl. Trust Co. v. Dvorak,* 9th Dist. Summit No. 27120, 2014-Ohio-4652, ¶ 10. "Generally, 'a

mere assertion of personal knowledge satisfies the personal knowledge requirement of Civ.R. 56(E) if the nature of the facts in the affidavit combined with the identity of the affiant creates a reasonable inference that the affiant has personal knowledge of the facts in the affidavit.'" *Loya* at ¶ 12, quoting *Bank One, N.A. v. Lytle*, 9th Dist. Lorain No. 04CA008463, 2004-Ohio-6547, ¶ 13. "'If particular averments contained in an affidavit suggest that it is unlikely that the affiant has personal knowledge of those facts, [however,] then * * * something more than a conclusory averment that the affiant has knowledge of the facts [is] required.'" (Alterations sic.) *Loya* at ¶ 12, quoting *Bank One v. Swartz*, 9th Dist. Lorain No. 03CA008308, 2004-Ohio-1986, ¶ 14. In that situation, "'[t]his Court 'cannot infer personal knowledge from the averment of personal knowledge alone.'" *Loya* at ¶ 12, quoting *Maxum Indemnity Co.* at ¶ 22.

{¶8} Here, Ms. Kessner averred that she is "a Foreclosure Supervisor employed by Ditech Financial LLC FKA Green Tree Servicing LLC," and has "personal knowledge and information regarding all statements contained herein." Ms. Kessner also averred that she "reviewed the loan file of [Mr. Easley]," and that "Ditech Financial LLC FKA Green Tree Servicing LLC is in possession of the Note," and is "the holder of the Mortgage in this subject action." Ms. Kessner attached copies of the Note, Mortgage, and assignments as exhibits "A" and "B" to her affidavit. Further, Ms. Kessner averred that Mr. Easley defaulted on his loan and made his last monthly payment on September 30, 2010[1]. Finally, Ms. Kessner averred that, "pursuant to the acceleration clause of the Note, Ditech Financial LLC FKA Green Tree Servicing LLC accelerated the remaining payments, declared the [N]ote in default, and sent a notice of default and right to cure on October 31, 2013," and that, as of October 2, 2015, the

---

[1] We note that, although Ms. Kessner averred that Mr. Easley defaulted on his loan, and a sum certain was due and owing to reinstate the loan, she did not attach an accounting from Mr. Easley's loan file to the motion for summary judgment.

principal balance of the loan is $72,277.76. Ms. Kessner attached a copy of the acceleration notice as exhibit "C" to her affidavit.

{¶9} In *US Bank, N.A. v. Greenless*, 9th Dist. Lorain No. 14CA010618, 2015-Ohio-356, at ¶ 10-11, this Court discussed our precedent regarding deficient affidavits appended to motions for summary judgments in foreclosure actions, stating:

> In *Loya* [2014-Ohio-2750], we were not persuaded that the affiants possessed the requisite personal knowledge to testify regarding matters germane to the foreclosure action based merely on their statuses as "assistant vice presidents" of the bank without any explanation of their job responsibilities and that they were familiar with the "type of records" at issue. *Loya* at ¶ 13. In addition, the documents appended to their affidavits and on which they relied to aver that the bank possessed the note at the relevant time did not support their averments. *Id*. at ¶ 13-14. This Court concluded that the affiants' averments, having no clear basis of personal knowledge, required us to make inferences on behalf of the bank, contrary to a consideration of a motion for summary judgment. *Id.* at ¶ 15.
>
> A few months after deciding *Loya,* we confronted similar deficiencies in a bank employee's affidavit in a foreclosure action. *Bank of New York Mellon v. Villalba,* 9th Dist. Summit No. 26709, 2014-Ohio-4351. Again, the bank's affiant did not describe her specific job responsibilities, but merely averred that she was familiar with the types of records at issue and that she had reviewed them. *Id*. at ¶ 11. This Court noted that the bank employee's affidavit was "not the model of clarity, and the imprecise language used seems to indicate that she lacked personal knowledge [regarding the issue]." *Id*. at ¶ 13. Certain averments were written in the alternative, giving rise to the lack of clarity. *Id.* Given such indicia of a lack of personal knowledge by the affiant, we reversed the trial court's award of summary judgment to the bank on the issue implicated by the employee's affidavit.

{¶10} In the present matter, although Ms. Kessner identified herself as a "Foreclosure Supervisor," for Ditech Financial LLC FKA Green Tree Servicing LLC, she failed to describe *any* of her job duties or indicate her level of familiarity with these types of loan files and records. Based upon Ms. Kessner's affidavit, this Court has no true understanding of what Ms. Kessner's position entails, or why Ms. Kessner is qualified to review Mr. Easley's file in this matter. Similar to the affidavits in *Loya* and *Villalba*, Ms. Kessner's affidavit lacks clarity and

specificity, requiring this Court to make inferences on behalf of Green Tree, "contrary to [an appellate court's] consideration of a motion for summary judgment." *See Greenless* at ¶ 10.

**{¶11}** Further, in her affidavit, Ms. Kessner failed to aver that she personally reviewed the original Note in Mr. Easley's loan file, or that the copy of the Note attached to the motion for summary judgment is a true and accurate copy of the original. Ms. Kessner also failed to aver that the copies of the Mortgage and assignments are true and accurate copies of the originals. As such, the exhibits submitted with Ms. Kessner's affidavit are not "sworn" or "certified" copies pursuant to Civ.R. 56(E), and do not support Green Tree's contention that it was in possession of the original Note at the time of the filing of the complaint. ("Sworn or certified copies of all papers or parts of papers referred to in an affidavit shall be attached to or served with the affidavit." Civ.R. 56(E).)

**{¶12}** Finally, in her affidavit, Ms. Kessner avers, without any further explanation, that she is "employed by Ditech Financial LLC FKA Green Tree Servicing LLC." Ms. Kessner failed to support this averment with any type of Civ.R. 56 evidence proving that Ditech Financial LLC, in fact, merged with Green Tree Servicing LLC, thus having possession of Mr. Easley's original Note.

**{¶13}** "It is fundamental that a party commencing litigation must have standing to sue in order to present a justiciable controversy and invoke the jurisdiction of the common pleas court." *Fed. Home Loan Mtge. Corp. v. Schwartzwald,* 134 Ohio St.3d 13, 2012-Ohio-5017, ¶ 41. "Pursuant to Civ.R. 17(A), actions must be prosecuted in the name of the real party in interest." *Deutsche Bank Natl. Trust Co. v. Reynolds*, 9th Dist. Summit No. 27192, 2014-Ohio-2372, ¶ 9. "The real party in interest in a foreclosure action 'is the current holder of the note and mortgage.'" *Quantum Servicing Corp*. v. *Haugabrook,* 9th Dist. Summit No. 26542, 2013-Ohio-

3516, ¶ 8, quoting *Wells Fargo Bank N.A.* v. *Horn,* 9th Dist. Lorain No. 12CA010230, 2013-Ohio-2374, ¶ 10, rev'd on other grounds, 142 Ohio St. 3d 416, 2015-Ohio-1484. "The lack of standing at the commencement of a foreclosure action requires dismissal of the complaint * * *." *Dvorak,* 2014-Ohio-4652, at ¶ 7, quoting *Schwartzwald* at ¶ 40.

{¶14}  As indicated above, Mr. Easley's Note was endorsed in blank, and, as such, the holder of his Note is its current possessor. *See Bank of Am., N.A.* v. *McCormick,* 9th Dist. Summit No. 26888, 2014-Ohio-1393, ¶ 8.  However, Ms. Kessner's affidavit, submitted on behalf of Green Tree, failed to: (1) establish that Ms. Kessner had personal knowledge of Mr. Easley's loan file; (2) aver that Ms. Kessner personally reviewed the original Note, Mortgage, and assignments in Mr. Easley's loan file, or, that true and accurate copies of those documents were attached to the motion for summary judgment; (3) prove that Ditech Financial LLC and Green Tree Servicing LLC are the same legal entity; and (4) establish that Ditech Financial LLC FKA Green Tree Servicing LLC has possession of the original Note.

{¶15}  Accordingly, the materials submitted by Green Tree along with its motion for summary judgment failed to demonstrate an absence of a dispute of fact that it had standing at the time it filed its complaint. *See Dvorak* at ¶ 16.

{¶16}   Mr. Easley's first assignment of error is sustained.

### Assignment of Error Number Two

THE TRIAL COURT ERRED BY GRANTING A JUDGMENT OF FORECLOSURE WHEN [GREEN TREE] DID NOT DEMONSTRATE COMPLIANCE WITH ALL CONDITIONS PRECEDENT TO FORECLOSURE[.]

{¶17}  In his second assignment of error, Mr. Easley argues that Green Tree failed to demonstrate compliance with all conditions precedent to foreclosure, and, as such, summary

judgment was improper. Based upon our resolution of Mr. Easley's first assignment of error, his second assignment of error is moot, and we decline to address it. *See* App.R. 12(A)(1)(c).

III

{¶18}  Mr. Easley's first assignment of error is sustained and his second assignment of error is moot.  The judgment of the Summit County Court of Common Pleas is reversed and the cause remanded for further proceedings consistent with this opinion.

Judgment reversed<br>and cause remanded.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

BETH WHITMORE
FOR THE COURT

SCHAFER, J.
<u>CONCURS.</u>

MOORE, P. J.
<u>CONCURRING IN JUDGMENT ONLY.</u>

{¶19}  Because I agree that there remains a genuine issue of material fact with respect to whether Green Tree possessed the note at the time the complaint was filed, I concur in the majority's judgment.

<u>APPEARANCES:</u>

MARC E. DANN and GRACE M. DOBERDRUK, Attorneys at Law, for Appellant.

DAVID J. DEMERS and MICHELLE POLLY-MURPHY, Attorneys at Law, for Appellee.