[Cite as *State v. Smith*, 2012-Ohio-4436.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 26159 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| SYMPHONE S. SMITH | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 10 08 2231(B) |

DECISION AND JOURNAL ENTRY

Dated: September 26, 2012

CARR, Presiding Judge.

**{¶1}** Appellant, Symphone Smith, appeals the judgment of the Summit County Court of Common Pleas. This Court affirms in part and reverses in part.

I.

**{¶2}** Akron police received information suggesting that drug activity was occurring at the house where Smith lived and where her boyfriend, Darren Tomlinson, frequently stayed. Acting on that information, the police established surveillance at the residence, then followed a red Toyota that pulled out of the driveway. Police stopped the car for a traffic violation and arrested Smith for an outstanding warrant. During the course of Smith's transport following arrest, the transporting officer noticed what appeared to be a baggie of crack cocaine shoved under the divider that separated Smith from other passengers. Upon further inspection, police officers found 6.6 grams of crack cocaine in the vehicle.

{¶3}   Meanwhile, police officers continued their surveillance of Smith's residence. They watched as Tomlinson carried several large items to the garbage then left on foot with another man. When the officers searched the garbage, they found a cache of weapons, baggies of cash, a digital scale, 130 grams of powder cocaine, and 11 grams of crack cocaine. They took Tomlinson into custody and executed a search warrant at the residence, which led to the discovery of $14,730 cash in a skylight, a butter knife with crack cocaine residue, and a baggie of crack cocaine in the pocket of a coat.

{¶4}   Smith was charged with (1) two counts of possession of crack cocaine in violation of R.C. 2925.11(A)/(C)(4), one of which was accompanied by a forfeiture specification related to $473 cash, (2) tampering with evidence in violation of R.C. 2921.12(A)(1), (3) possession of cocaine in violation of R.C. 2925.11(A)/(C)(4), (4) trafficking in crack cocaine in violation of R.C. 2925.03(A)/(C)(4), (5) trafficking in cocaine in violation of R.C. 2925.03(A)/(C)(4), and (6) possessing criminal tools in violation of R.C. 2923.24. The remaining possession and trafficking counts and the charge of possessing criminal tools were accompanied by a forfeiture specification related to $15,410.00 cash and three televisions. A jury found Smith guilty of all of the charges except trafficking in cocaine and found that all of the property at issue was subject to forfeiture. The trial court sentenced her to a total of five years in prison, waived applicable fines because of her indigence, and ordered all of the property at issue forfeited. Smith appealed.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT COMMITTED REVERSIBLE AND PLAIN ERROR WHEN IT DENIED SMITH A MEANINGFUL RIGHT TO CONFRONT AND CROSS-EXAMINE THE STATE'S WITNESSES.

{¶5}   Smith's first assignment of error is that the trial court erred by not permitting recross-examination of two of the state's witnesses, Sergeant Jerry Forney and Officer Patricia Thorn. We disagree.

{¶6}   The right to cross-examine witnesses is guaranteed to a defendant, but recross-examination is only required when the State inquires into new matters on redirect. *State v. Faulkner*, 56 Ohio St.2d 42, 46 (1978). "While the abuse of discretion standard necessarily suggests that there can be no hard and fast rules on what constitutes new material for purposes of recross-examination, * * * the [trial] court should seek to limit recross-examination to testimony on redirect examination which raises a new subject-matter that is both material and non-redundant in context." *State v. Hartley*, 8th Dist. No. 81706, 2003-Ohio-3946, ¶ 20. Even under those circumstances, however, recross-examination is subject to the considerations set forth in Evid.R. 611. *State v. Smith*, 10th Dist. No. 06AP-1165, 2007-Ohio-6772, ¶ 21. Thus, with respect to recross-examination, a trial court exercises "reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to (1) make the interrogation and presentation effective for the ascertainment of the truth, (2) avoid needless consumption of time, and (3) protect witnesses from harassment or undue embarrassment." Evid.R. 611(A). A trial court need not permit recross-examination on irrelevant matters, and the scope of recross-examination is subject to the considerations contained in Evid.R. 403. *See* Evid.R. 611(B); *State v. Harmon*, 9th Dist. No. 24495, 2009-Ohio-4512, ¶ 11.

{¶7}   In this case, the State's redirect examinations of Sergeant Forney and Officer Thorn did not raise new matters, and recross-examination was not appropriate. With respect to Sergeant Forney, Smith points to his testimony on redirect examination explaining why Smith had not been mentioned in the affidavit used to obtain the search warrant and his statements

clarifying that he did not create a minute-by-minute timeline of the investigation. Both statements were related to Sergeant Forney's earlier testimony and represent questions that could have been raised on cross-examination. *See generally Hartley* at ¶ 20.

{¶8} Sergeant Forney testified on direct examination that he conducted the initial surveillance of the house and requested a unit in a marked car to follow the red Toyota when it pulled out of the driveway. He testified that he did not participate in the traffic stop during which Smith was arrested but, instead, began preparing the affidavit necessary to obtain a search warrant while maintaining contact with the officers at the scene. When Smith's attorney cross-examined Sergeant Forney, he reiterated the sequence of his participation in the events and explained the process of obtaining a search warrant. Smith's attorney asked Sergeant Forney specifically whether police had information connecting Smith to the activity at issue before the search warrant was executed. Sergeant Forney replied that he did not. On redirect examination, the following exchange took place:

> Q: Is it unusual in your 18 years in executing search warrants that you don't always know who all's involved when you're preparing that?
>
> A: That is true.
>
> Q: Okay. Do you execute search warrants and you find people in the house that you had no suspicion of before?
>
> A: Yes, we do.

Smith's attorney could have cross-examined Sergeant Forney regarding what information he had about other individuals before the search warrant was executed just as he questioned Sergeant Forney about Smith's involvement. "[T]he [trial] court's interest in expeditiously moving the trial must take precedence over counsel's desire to have one last crack at a witness. And this includes the desire to follow-up with a question that counsel could have asked on cross-examination." *Hartley*, 2003-Ohio-3946, at ¶ 21.

{¶9} The same holds true with respect to testimony about the sequence of events that led up to obtaining the search warrant. The attorney representing Tomlinson, who was Smith's codefendant at trial, asked Sergeant Forney during cross-examination whether he provided a timeline of the investigation to support the search warrant affidavit. Sergeant Forney agreed that he provided a "sequence of events," but also explained that his testimony was based on approximate times and that not every radio communication between the officers bore a recorded time. On redirect examination, Sergeant Forney reiterated that the sequence of events was approximate and that he did not generate a "minute by minute" timeline of the investigation. The questions that were asked of Sergeant Forney on redirect provided further explanation of the matter into which the attorneys inquired on cross-examination, not an inquiry into new matters.

{¶10} With respect to Officer Thorn's testimony, we reach a similar conclusion. During her direct examination, Officer Thorn described the configuration of the prison transport wagon that she drives and explained the series of events that led to her discovery of crack cocaine under the divider near Smith's seating compartment. She testified that she always checks the vehicle for contraband at the beginning of her shift and before picking up a new passenger. On cross-examination, Smith's attorney asked additional questions about the layout and dimensions of the compartment, the ability of a handcuffed passenger to move freely, the location of the driver relative to a passenger in Smith's compartment, and her discovery of the crack cocaine. The prosecuting attorney then asked two specific questions along the same lines, addressed to the implications that Thorn may have missed discovering the contraband before she picked up Smith and that she was physically too far away to have noticed what happened in Smith's compartment. Although it is true that Smith's attorney did not ask Officer Thorn any questions about the lighting in the vehicle or Thorn's ability to hear what went on in the passenger compartment, the

prosecuting attorney's questions flowed reasonably from the cross-examination and did not introduce new matters. The trial court did not err by denying Smith's request for recross-examination.

{¶11} Smith's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY ADMITTING HEARSAY EVIDENCE AT TRIAL.

{¶12} Smith's second assignment of error is that the trial court erred by permitting Sergeant Forney to identify her as the driver of the red Toyota at the time of her arrest because he did not have personal knowledge of her identity. We disagree.

{¶13} Evid.R. 801(C) defines "hearsay" as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." As a general rule, hearsay is not admissible. Evid.R. 802. The hearsay rule does not apply, however, when an out-of-court statement is offered for a purpose other than the truth of the matter of asserted. *State v. Lewis*, 22 Ohio St.2d 125, 132 (1970). One such situation is when an out-of-court statement is introduced to explain the subsequent actions taken by witnesses, including the subsequent investigative activity of law enforcement officers. *State v. Thomas*, 61 Ohio St.2d 223, 232 (1980).

{¶14} Sergeant Forney testified that although he was not present for the traffic stop that lead to Smith's arrest, he learned that Smith was the driver of the car. This statement was not offered to establish that Smith was the driver of the car, but to explain the next steps that officers took in the surveillance of Smith's residence, including determining how many people might still be inside the house and securing the location while they obtained a search warrant. Because

Sergeant Forney's identification of Smith was not offered for its truth, the hearsay rule does not apply. Smith's second assignment of error is overruled.

## ASSIGNMENT OF ERROR III

THE TRIAL COURT COMMITTED REVERSIBLE AND PLAIN ERROR BY FAILING TO MERGE THE TRAFFICKING AND POSSESSION OF CRACK COCAINE OFFENSES FOR SENTENCING PURPOSES.

{¶15} Smith's third assignment of error is that the trial court erred by imposing multiple sentences for allied offenses of similar import.

{¶16} In *State v. Johnson*, 128 Ohio St.3d 153, 2010–Ohio–6314, the Ohio Supreme Court held that "[w]hen determining whether two offenses are allied offenses of similar import subject to merger under R.C. 2941.25, the conduct of the accused must be considered." *Id*. at syllabus. Since then, this Court has consistently remanded cases for further proceedings in the trial court to apply *Johnson* for the first time. *See e.g. State v. Cleland*, 9th Dist. No. 09CA0070-M, 2011-Ohio-6786, ¶ 36-37. The State has conceded that it is appropriate for this Court to remand this case to the trial court to apply *Johnson*, and we agree. Smith's third assignment of error is sustained.

## ASSIGNMENT OF ERROR IV

THE TRIAL COURT COMMITTED REVERSIBLE AND PLAIN ERROR IN ORDERING THAT THREE TELEVISIONS BE FORFEITED TO THE AKRON POLICE DEPARTMENT BECAUSE IT DID NOT DO SO IN OPEN COURT.

## ASSIGNMENT OF ERROR V

THE TRIAL COURT COMMITTED REVERSIBLE AND PLAIN ERROR IN ORDERING THAT THREE TELEVISIONS BE FORFEITED TO THE AKRON POLICE DEPARTMENT BECAUSE IT IS NOT A PROPER PARTY TO RECEIVE FORFEITED PROCEEDS.

{¶17}  Smith's fourth and fifth assignments of error challenge the trial court's forfeiture of the three televisions seized at her house on procedural grounds.  Smith does not have standing to raise these assignments of error.

{¶18}  As an initial matter, Smith's fourth assignment of error is not supported by the record.  Even assuming that her argument that forfeiture must occur in open court is correct, the transcript indicates that the trial court did so.  Both her fourth and fifth assignments of error, however, fail for a more basic reason.  Smith has not challenged the jury's finding that the televisions were subject to forfeiture.  Instead, she argues that the trial court erred by forfeiting them to the ultimate recipient of the proceeds under R.C. 2981.13 rather than to the general fund of Summit County for distribution under R.C. 2981.12.  In order to have standing to allege error, however, a party must assert its own rights rather than the rights of a third party.  *Utility Serv. Partners, Inc. v. Pub. Util. Comm.*, 124 Ohio St.3d 284, 2009-Ohio-6764, ¶ 49.  If there was any error in this respect, it is not error that aggrieved Smith, and she does not have standing to raise error on behalf of Summit County or the prosecuting attorney.

{¶19}  Smith's fourth and fifth assignments of error are overruled.

### ASSIGNMENT OF ERROR VI

SMITH WAS DENIED HER CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL AT TRIAL WHEN HER TRIAL COUNSEL FAILED TO ARGUE THAT THE TRIAL COURT'S ORDER THAT THREE TELEVISIONS BE FORFEITED TO THE AKRON POLICE DEPARTMENT WAS INVALID.

{¶20}  Smith's sixth assignment of error is that trial counsel was ineffective by failing to object to the language that the trial court used to explain the distribution of forfeiture proceeds.  We disagree.

**{¶21}** In order to demonstrate ineffective assistance of counsel, a defendant most show (1) deficiency in the performance of counsel "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and (2) that the errors made by counsel were "so serious as to deprive the defendant of a fair trial[.]" *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A defendant must demonstrate prejudice by showing that, but for counsel's errors, there is a reasonable possibility that the outcome of the trial would have been different. *Id*. at 694.

**{¶22}** Assuming that Smith's attorney erred by failing to object, it had no effect on the outcome of the proceedings with respect to Smith. The televisions were forfeited, regardless of whether the trial court stated that they were forfeited to the law enforcement agencies at issue or to the county general fund. Smith's sixth assignment of error is overruled.

## ASSIGNMENT OF ERROR VII

THE CUMULATIVE EFFECT OF THE TRIAL COURT'S ERRORS DENIED SMITH A FAIR TRIAL.

**{¶23}** Under the cumulative error doctrine, a conviction may be reversed when the cumulative effect of the errors deprives a defendant of the constitutional right to a fair trial even though none of the errors, in isolation, was prejudicial. *State v. DeMarco*, 31 Ohio St.3d 191 (1987), paragraph two of the syllabus. In the absence of multiple errors, the cumulative error doctrine does not apply. *State v. Hunter*, 131 Ohio St.3d 67, 2011-Ohio-6524, ¶ 132.

**{¶24}** In this case, Smith has not identified errors in the trial court proceedings, so it cannot be said that cumulative errors deprived her of a fair trial. *See State v. Taylor*, 9th Dist. No. 09CA009570, 2010-Ohio-962, ¶ 40. Smith's seventh assignment of error is overruled.

III.

{¶25} Smith's first, second, fourth, fifth, sixth, and seventh assignments of error are overruled. Her third assignment of error is sustained. The judgment of the Summit County Court of Common Pleas is affirmed in part and reversed in part, and this matter is remanded to the trial court for further proceedings consistent with our resolution of Smith's third assignment of error.

Judgment affirmed in part,<br>
reversed in part,<br>
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

DONNA J. CARR
FOR THE COURT

DICKINSON, J.
BELFANCE, J.
CONCUR.

APPEARANCES:

NEIL P. AGARWAL, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.