[Cite as *Fed. Home Loan Mtge. Corp. v. Grindall*, 2014-Ohio-5641.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

FEDERAL HOME LOAN MORTGAGE
CORPORATION

    Appellee

    v.

KAREN GRINDALL, et al.

    Appellants

C.A. No. 27072


APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No. CV 2011-12-7051

DECISION AND JOURNAL ENTRY

Dated: December 23, 2014

MOORE, Judge.

{¶1} Defendant Karen Grindall appeals from the judgment of the Summit County Court of Common Pleas. This Court reverses and remands this matter for further proceedings consistent with this opinion.

I.

{¶2} In 2011, Federal Home Loan Mortgage Corporation ("Freddie Mac") filed a complaint for personal judgment against Ms. Grindall on a note that she had executed, and for foreclosure of the property securing the note pursuant to the terms of a mortgage signed by Ms. Grindall and her husband, Harry Grindall. Freddie Mac further requested reformation of the mortgage to include Mr. Grindall's name in the borrower section of the mortgage due to the Grindalls' status as a married couple. The complaint also named PNC Bank, National Association ("PNC") as a defendant due to its potential interest in the property. Freddie Mac attached a copy of the note and the mortgage to the complaint. The lender on both the note and

the mortgage is listed as Woodside Mortgage Services, Inc. The note contains two endorsements: one dated December 2, 2002, from Woodside Mortgage Services, Inc. to National City Mortgage Co., and one undated endorsement that appears to be endorsed in blank from National City Mortgage Co. The attachments to the mortgage set forth that it was assigned from Woodside Mortgage Services, Inc. to National City Mortgage Co. It was then assigned to Freddie Mac from PNC Bank, National Association successor by merger to National City Bank, successor by merger to National City Mortgage Co.

{¶3}    The Grindalls answered the complaint, which in part contained a denial for lack of knowledge that Freddie Mac was in possession of the note. Thereafter, Freddie Mac filed a motion for summary judgment against the Grindalls and for default judgment against PNC Bank, National Association ("PNC"). The trial court granted Freddie Mac's motion in an order dated August 16, 2013. Ms. Grindall timely appealed, and she now raises two assignments of error for our review.[1] We address the assignments of error out of order to facilitate our review.

II.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED WHEN IT GRANTED SUMMARY JUDGMENT TO [] FREDDIE MAC, AS THERE WERE GENUINE ISSUES OF MATERIAL FACT REMAINING AND [FREDDIE MAC] WAS NOT ENTITLED TO SUMMARY JUDGMENT AS A MATTER OF LAW.

{¶4}    In her second assignment of error, Ms. Grindall argues that the trial court erred in granting summary judgment in favor of Freddie Mac. We agree.

{¶5}    We review an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). We apply the same standard as the trial court, viewing the facts

---

[1] Only Ms. Grindall filed a notice of appeal, and she, therefore, is the sole appellant in this matter. The foregoing decision is limited to her. *See* App.R. 3(D) ("notice of appeal shall specify the party or parties taking the appeal").

of the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. *Viock v. Stowe-Woodward Co.*, 13 Ohio App.3d 7, 12 (6th Dist.1983).

{¶6} Pursuant to Civ.R. 56(C), summary judgment is proper only if:

> (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977). The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-93 (1996). "If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied." *Id.* at 293. If the moving party fulfills this burden, then the burden shifts to the nonmoving party to prove that a genuine issue of material fact exists. *Id.*

{¶7} Civ.R. 56(E) provides that affidavits submitted in support of, or in opposition to, motions for summary judgment "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit. Sworn or certified copies of all papers or parts of papers referred to in an affidavit shall be attached to or served with the affidavit." *See also Bank of Am., N.A. v. Loya*, 9th Dist. Summit No. 26973, 2014-Ohio-2750, ¶ 12, quoting *Maxum Indemnity Co. v. Selective Ins. Co. of S.C.*, 9th Dist. Wayne No. 11CA0015, 2012-Ohio-2115, ¶ 18, quoting Civ.R. 56(E).

{¶8} Here, In support of its motion for summary judgment, Freddie Mac attached the affidavit of Brian J. Arthur, Assistant Vice President for Mortgage Services – Default for PNC

Mortgage, a division of PNC. Mr. Arthur averred that PNC is the servicer of the loan. Mr. Arthur maintained that, prior to his working for PNC, he worked as the Assistant Vice President of Mortgage Services – Default for National City Mortgage, a division of National City Bank. Mr. Arthur incorporated numerous documents into his affidavit which he maintained were business records.

{¶9}    In her memorandum in opposition to Freddie Mac's motion for summary judgment, Ms. Grindall argued that the affidavit submitted by Freddie Mac in support of its motion did not allow for the admissibility of records attached to the affidavit under Evid.R. 803(6), that the affidavit was not made on personal knowledge, that the affidavit failed to properly establish the status of the note, and that the affidavit failed to establish that proper notice of default was given to Ms. Grindall. We will separately review these arguments.

Evid.R. 803(6)

{¶10}  In her response to the motion for summary judgment, Ms. Grindall appears to have argued broadly that Mr. Arthur, an employee for PNC, servicer of the loan, could not properly authenticate the business records attached to his affidavit because the records appeared to originate from Freddie Mac and its predecessors in interest. Therefore, Ms. Grindall maintained that the records constituted inadmissible hearsay.

{¶11}  "'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Evid.R. 801(C). Hearsay is generally not admissible into evidence. Evid.R. 802. However, Evid.R. 803(6) provides an exclusion of the following documents from application of the hearsay rule:

> A memorandum, report, record, or data compilation * * * made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data

> compilation, all as shown by the testimony of the custodian or other qualified witness or as provided by Rule 901(B)(10), unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness.

*See also Matrix Acquisitions, L.L.C. v. Manley*, 9th Dist. Summit No. 27191, 2014-Ohio-2860, ¶ 19.

{¶12} Here, in his affidavit, Mr. Arthur specifically averred that he held his current position with PNC since November 7, 2009, and prior to that, he held the same position for National City Bank. He also averred that he was "familiar with and ha[d] access to the records of PNC with respect to the loan referenced herein." He maintained that "[t]hese records [we]re kept in the course of PNC's regularly conducted loan administration activities or were kept in the course of National City Bank's regularly conducted loan administration activities," and that it was "PNC's regular practice, and was National City Bank's regular practice, to make these records at or near the time of the occurrence of the events reflected in the records."

{¶13} Despite these averments, Ms. Grindall appears to have argued in her response in opposition to summary judgment that records that originate with one entity could not, as a rule, be considered business records of another entity. However, Ms. Grindall advanced no authority in support of this broad proposition, and she did not specifically indicate which documents should have been excluded. As Ms. Grindall did not develop an argument supporting this proposition, we decline to do so on her behalf. Therefore, to the extent that Ms. Grindall argues that none of the business records attached to Mr. Arthur's affidavit constituted proper summary judgment evidence, her second assignment of error is overruled.

Personal Knowledge

{¶14} Next, in her memorandum in opposition to summary judgment, Ms. Grindall also argued that Mr. Arthur lacked personal knowledge of the matters contained in his affidavit.

{¶15} In his affidavit, Mr. Arthur averred that he was familiar with the present loan transaction and made his declaration "based upon [his] review and understanding of records that PNC maintains in the ordinary course of business, including records that National City Bank maintained in the ordinary course of business prior to its merger with PNC[.]" Mr. Arthur maintained that he had "personal knowledge of the matters [t]herein based upon [his] review of" the business records of PNC and National City Bank.

{¶16} "Generally, 'a mere assertion of personal knowledge satisfies the personal knowledge requirement of Civ.R. 56(E) if the nature of the facts in the affidavit combined with the identity of the affiant creates a reasonable inference that the affiant has personal knowledge of the facts in the affidavit.'" *Loya*, 2014-Ohio-2750, at ¶ 12, quoting *Bank One, N.A. v. Lytle*, 9th Dist. Lorain No. 04CA008463, 2004-Ohio-6547, ¶ 13. "If particular averments contained in an affidavit suggest that it is unlikely that the affiant has personal knowledge of those facts, [however,] then * * * something more than a conclusory averment that the affiant has knowledge of the facts [is] required." *Loya* at ¶ 12, quoting *Bank One v. Swartz*, 9th Dist. Lorain No. 03CA008308, 2004-Ohio-1986, ¶ 14.

{¶17} Here, in her response in opposition to summary judgment, Ms. Grindall appeared to broadly maintain that Mr. Arthur could not have had personal knowledge of any of his averments because his knowledge came from the unauthenticated business records, and because he did not fully identify his job responsibilities to the extent that we could conclude that he had personal knowledge of the loan independent of the business records. However, we have rejected Ms. Grindall's blanket proposition that the business records were not properly authenticated, and

Mr. Arthur specifically averred that he obtained his personal knowledge through his review of the business records. Therefore, because Ms. Grindall's broad argument pertaining to Mr. Arthur's lack of personal knowledge appears to have been premised upon the inadmissibility of the business records, we likewise reject her general argument that Mr. Arthur had no personal knowledge as to any of the matters contained in his affidavit. To the extent she argues otherwise, Ms. Grindall's second assignment of error is overruled.

<u>Status of the Note</u>

{¶18} Next, in regard to Ms. Grindall's argument that a question of fact existed as to the status of the note on the date of filing of the complaint, in its motion for summary judgment, Freddie Mac maintained that it was the holder of the note at issue. In *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, ¶ 41-42, the Ohio Supreme Court determined that a plaintiff in a foreclosure action must have standing at the time it files the complaint in order to invoke the jurisdiction of the court. "It is an elementary concept of law that a party lacks standing to invoke the jurisdiction of the court unless he has, in an individual or representative capacity, some real interest in the subject matter of the action." (Internal quotations and citations omitted.) (Emphasis omitted.) *Id.* at ¶ 22. "The lack of standing at the commencement of a foreclosure action requires dismissal of the complaint; however, that dismissal is not an adjudication on the merits and is therefore without prejudice." *Id.* at ¶ 40. To prove standing in a foreclosure action, a plaintiff generally must hold both the note and the mortgage prior to filing the complaint. *BAC Home Loan Serv. v. McFerren,* 9th Dist. Summit No. 26384, 2013-Ohio-3228, ¶ 6. The holder of a note endorsed in blank is the possessor of the note. *See* R.C. 1301.201(A)(21)(a) and R.C. 1303.10(A)(2).

{¶19} In his affidavit, Mr. Arthur attached a copy of the note, identical to the copy attached to the complaint, and maintained that PNC had possession of the note at issue for the sole benefit of Freddie Mac on December 15, 2011, when Freddie Mac filed this action. Further, in its motion for summary judgment, Freddie Mac maintained that it produced the original note for inspection by opposing counsel and the trial court at a status conference held on August 28, 2012.

{¶20} Ms. Grindall has not disputed, either in her response to summary judgment or on appeal to this Court, that Freddie Mac had current possession of the note at the time of the referenced status conference. However, in her response to Freddie Mac's motion, Ms. Grindall specifically maintained that Freddie Mac had failed to provide summary judgment quality evidence that it was the holder of the note *at the time the complaint was filed*.

{¶21} In *Loya*, 2014-Ohio-2750, at ¶ 11-14, this Court addressed the issue of personal knowledge of two affiants' averments relative to possession of a note. There we noted that, "assuming that their affidavits established their personal knowledge of Bank of America's business records, however, both acknowledged that they made their affidavits based on their review of the business records attached to those affidavits." *Id.* at ¶ 13. We then reviewed those records that the affiants attached to their affidavits, and concluded that the attached records did not indicate that the bank had possession of the note at the time the complaint was filed. *Id.* at ¶ 14. *See also Deutsche Bank Natl. Trust Co. v. Reynolds*, 9th Dist. Summit No. 27192, 2014-Ohio-2372, ¶ 13. Accordingly, we concluded that the affiants lacked personal knowledge as to the possession of the note. *Loya* at ¶ 13.

{¶22} Unlike *Loya*, here Mr. Arthur did not specifically aver that the business records from which he made his declaration *were attached* to his affidavit. However, he did aver that his

personal knowledge arose from his review and understanding of the business records of PNC and National City Bank. Because of this, all records supporting his averments should have been attached to the affidavit pursuant to Civ.R. 56(E), which provides in part that "[s]worn or certified copies of all papers or parts of papers referred to in an affidavit shall be attached to or served with the affidavit."

{¶23} None of the records attached to Mr. Arthur's affidavit support the proposition that PNC held possession of the note for the sole benefit of Freddie Mac at the time the complaint was filed. Thus, the only evidence advanced as to the status of the note at the time of filing was the averment of Mr. Arthur. However, because his personal knowledge purportedly came from the business records, we cannot conclude that Mr. Arthur had personal knowledge that PNC had possession of the note for the sole benefit of Freddie Mac at the time the complaint was filed. *See Loya* at ¶ 14, citing *Maxum Indemnity Co.*, at ¶ 18, and Civ.R. 56(E). Therefore, Freddie Mac failed to meet its initial *Dresher* burden of establishing the absence of a material fact that it had standing to enforce the note or seek foreclosure *See Deutsche Bank Natl. Trust Co. v. Dvorak*, 9th Dist. Summit No. 27120, 2014-Ohio-4652, ¶ 13 (where affiant did not attach the business records upon which she relied to make her affidavit, and where affiant's personal knowledge as to the status of the note was derived from those business records, foreclosing bank did not meet its summary judgment burden), and *U.S. Bank Natl. Assn. v. Umphrey*, 9th Dist. Summit No. 27172, 2014-Ohio-4461, ¶ 12-13. Accordingly, Ms. Grindall's second assignment of error is sustained to this extent.

Notice of Default

{¶24} Given our disposition of this assignment of error on the issue of standing, to the extent that Ms. Grindall further has argued in her second assignment of error that there existed a

question of fact as to whether a required notice was sent to her, we conclude that this issue is not ripe for review. *See Fannie Mae v. Trahey*, 9th Dist. Lorain No. 12CA010209, 2013-Ohio-3071, ¶ 13.

## ASSIGNMENT OF ERROR I

> THE TRIAL COURT ERRED WHEN IT GRANTED SUMMARY JUDGMENT TO [] FREDDIE MAC, AS THERE WAS A GENUINE ISSUE OF MATERIAL FACT AS TO WHETHER [FREDDIE MAC] PROVIDED THE PROPER NOTICE OF DEFAULT PRIOR TO ACCELERATION, AS REQUIRED UNDER THE MORTGAGE AND APPLICABLE FEDERAL LAW.

{¶25} In her first assignment of error, Ms. Grindall argues that the trial court erred in granting summary judgment in favor of Freddie Mac where there existed a genuine question as to whether Freddie Mac provided proper notice of default. In light of our resolution of Ms. Grindall's second assignment of error, this argument is not yet ripe for review, and we decline to address it. *See Trahey* at ¶ 13.

### III.

{¶26} Ms. Grindall's second assignment of error is overruled to the extent that she argues broadly that Mr. Arthur's affidavit and attached documents were inadmissible, and sustained to the extent that she argues that a genuine question of fact remained as to the status of the note. We decline to address the remainder of Ms. Grindall's second assignment of error as to notice of default or her first assignment of error, as they pertain to issues which are not yet ripe for review. The judgment of the trial court is reversed, and this matter is remanded for further proceedings consistent with this opinion.

Judgment reversed,
and cause remanded.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

CARLA MOORE
FOR THE COURT


BELFANCE, P. J.
CONCURS.

CARR, J.
CONCURS IN JUDGMENT ONLY.


APPEARANCES:

MARK E. OWENS and JOHN F. MCINTYRE, Attorneys at Law, for Appellants.

ERIN L. DICKINSON and STEVEN A. CHANG, Attorneys at Law, for Appellee.

LISA B. FORBES and NATALIA STEELE, Attorneys at Law, for Appellee.