[Cite as *Bayview Loan Servicing, L.L.C. v. Big Blue Capital Partners, L.L.C.*, 2016-Ohio-3433.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

BAYVIEW LOAN SERVICING, LLC

     Appellee

     v.

BIG BLUE CAPITAL PARTNERS, LLC, et al.

     Appellant

C.A. No.      27790

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.     CV 2014-07-3320

DECISION AND JOURNAL ENTRY

Dated: June 15, 2016

HENSAL, Presiding Judge.

{¶1}   Defendant-Appellant, Big Blue Capital Partners, LLC, appeals from the judgment of the Summit County Court of Common Pleas, granting summary judgment to Plaintiff-Appellee, Bayview Loan Servicing, LLC, on its complaint in foreclosure. For the following reasons, this Court affirms.

I.

{¶2}   Although the record is unclear, there is apparently no dispute that Big Blue Capital Partners, LLC ("Big Blue") acquired its interest in the subject property from Tami Lee Hillman, the original mortgagor. The mortgage assignments contained in the record indicate that Mortgage Electronic Registrations Systems, Inc. ("MERS"), as nominee for Taylor, Bean & Whitaker Mortgage Corp., was the original mortgagee. MERS assigned its interest to Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP fka Countrywide Home

Loans Servicing, LP, which subsequently assigned its interest to Bayview Loan Servicing, LLC ("Bayview").

{¶3} Bayview filed a complaint in foreclosure against Big Blue, asserting that the terms and conditions of the promissory note had been breached, and that Bayview satisfied all conditions precedent under the note and mortgage. Bayview alleged that the note was in default due to nonpayment, rendering the debt immediately due and payable. Big Blue filed an answer to the complaint wherein it admitted its interest in the property, but denied the remaining allegations.

{¶4} After a period of discovery, Bayview moved for summary judgment. In its motion, Bayview argued that: (1) it was entitled to enforce the note; (2) it was the current mortgagee; (3) Big Blue was in default and that it (Bayview) had established the amount of principal and interest due; (4) it satisfied all conditions precedent; and (5) Big Blue's affirmative defenses lacked merit. As part of its motion, Bayview submitted the affidavit of its employee, Dara Foye. Ms. Foye averred, in part, that Bayview was the current holder of the note and mortgage, and that the note was in default.

{¶5} Big Blue opposed Bayview's motion, arguing that genuine issues of material fact remained regarding: (1) whether Bayview was the holder of the note; (2) Bayview's legal right to foreclose on the mortgage; (3) the sufficiency of Ms. Foye's affidavit; (4) Bayview's alleged failure to authenticate merger documentation related to Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing, LP ("Bank of America, N.A."); and (5) Bayview's alleged noncompliance with the conditions precedent to foreclosure. Additionally, Big Blue argued that the indorsements and assignments in the present

case contradict those from a previous foreclosure action on the same property. Thus, it argued, genuine issues of material fact remained, precluding summary judgment.

{¶6} The trial court granted Bayview's motion for summary judgment and issued a decree of foreclosure. Big Blue has appealed, raising two assignments of error for our review.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED WHEN IT GRANTED A JUDGMENT OF FORECLOSURE WHEN MATERIAL ISSUES OF FACT REMAINED INVOLVING POSSESSION AND APPEARANCE OF THE ORIGINAL NOTE.

{¶7} In its first assignment of error, Big Blue argues that the trial court erred by granting summary judgment to Bayview because genuine issues of material fact remained to be litigated. Specifically, Big Blue argues that factual issues remained regarding the sufficiency of Ms. Foye's affidavit, Bayview's possession of the note, Bayview's entitlement to enforce the note, the validity of the assignments and indorsements, and Bayview's failure to provide merger documentation related to Bank of America, N.A. In response, Bayview asserts that the totality of the evidence indicates that no genuine issues of material fact existed such that the trial court properly granted summary judgment in its favor.

{¶8} As an initial matter, this Court has stated that "[a] foreclosure requires a two[-]step process." *Natl. City Bank v. Skipper*, 9th Dist. Summit No. 24772, 2009–Ohio–5940, ¶ 25, quoting *First Knox Natl. Bank v. Peterson*, 5th Dist. Knox No. 08CA28, 2009-Ohio-5096, ¶ 18. "The prerequisites for a party seeking to foreclose a mortgage are execution and delivery of the note and mortgage; valid recording of the mortgage; default; and establishing an amount due." *CitiMortgage, Inc. v. Firestone*, 9th Dist. Summit No. 25959, 2012–Ohio–2044, ¶ 11, quoting *Chase Home Fin., L.L.C. v. Heft*, 3d Dist. Logan Nos. 8-10-14, 8-11-16, 2012-Ohio-876, ¶ 25.

"Once a court has determined that a default on an obligation secured by a mortgage has occurred, it must then consider the equities of the situation in order to decide if foreclosure is appropriate." *Skipper* at ¶ 25, quoting *Peterson* at ¶ 18. Because Big Blue has not raised any issue with respect to the equities of the foreclosure, this Court will not address them here.

{¶9} As it relates to Ms. Foye's affidavit, Bayview argues that Ms. Foye's affidavit, combined with the affidavit from a document custodian employed by Bayview's counsel's firm, satisfied the affidavit requirements. According to Bayview, it sent the original note to its counsel prior to filing its complaint in foreclosure. Counsel's document custodian averred that the original note, with an allonge affixed by staple, remained in a secure cabinet at counsel's office.

{¶10} With respect to Ms. Foye's affidavit, Big Blue argues that it "was not made upon personal knowledge and cannot support a judgment and decree of foreclosure * * *." In her affidavit, Ms. Foye averred, in part, that she had personal knowledge of the matters she testified about, that she was familiar with Bayview's business records, and that she personally examined the records at issue, including the original note. She also averred that Bayview is the current holder of the note, and that the note was sent to Bayview's counsel prior to filing suit.

{¶11} Ms. Foye's affidavit was supported by several pertinent documents, including copies of the original note and mortgage, copies of two mortgage assignments (i.e., MERS's assignment to Bank of America, N.A., and Bank of America, N.A.'s assignment to Bayview), and a copy of the notice of default.

{¶12} "To prove standing in a foreclosure action, a plaintiff generally must hold both the note and the mortgage prior to filing the complaint." *Fed. Home Loan Mtge. Corp. v. Grindall*, 9th Dist. Summit No. 27072, 2014-Ohio-5641, ¶ 18. The possessor of a note indorsed in blank is the holder of the note. *See* R.C. 1301.201(B)(21)(a) and R.C. 1303.10(A)(2). Here, the loan

documents indicate that Bank of America, N.A. assigned the mortgage to Bayview on February 4, 2014 – over five months prior to Bayview filing its complaint – and that the note was indorsed in blank. Thus, based upon our careful review of the record, we hold that Ms. Foye's affidavit, coupled with the loan documents attached thereto, sufficiently indicated that her averments were based on personal knowledge, and established that there was no genuine issue of material fact concerning the issue of whether Bayview was the holder of the note at the time it filed the foreclosure case.

{¶13} To the extent that Big Blue argues that factual issues remained regarding the validity of the indorsements on the note and assignments of the mortgage, Big Blue – a nonparty to the indorsements and assignments – lacks standing to raise those arguments. *See Deutsche Bank Natl. Trust Co. v. Whiteman*, 10th Dist. Franklin No. 12AP-536, 2013-Ohio-1636, ¶ 16, 19 (holding that the defendant in a foreclosure case, who was a nonparty to the mortgage assignments, lacked standing to challenge the mortgage assignments); *Bank of New York Mellon Trust Co. v. Unger*, 8th Dist. Cuyahoga No. 97315, 2012-Ohio-1950, ¶ 35 (holding same).

{¶14} Regarding Bayview's alleged failure to provide documentation of Bank of America, N.A.'s prior merger with BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing, LP, Bayview argues that the language indicating that Bank of America, N.A. is the successor entity to another is of no consequence in this case; it is merely information included in the naming of Bank of America, N.A.

{¶15} The loan documents indicate that Bank of America, N.A. acquired its interest in the mortgage *directly* from MERS, as nominee for Taylor, Bean & Whitaker Mortgage Corp. Unlike the cases cited by Big Blue, this case does not present a factual scenario wherein a successor entity to a previous holder of a mortgage is seeking a foreclosure. *See, e.g.*, *PNC*

*Bank, Natl. Assn. v. West*, 9th Dist. Wayne No. 12CA0061, 2014-Ohio-161. Here, the fact that Bank of America, N.A. merged with BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing, LP prior to acquiring an interest in the mortgage is irrelevant because BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing, LP was never a mortgagee. We, therefore, find no merit in Big Blue's argument that Bayview was required to provide documentation related to Bank of America, N.A.'s prior merger.

{¶16} In light of the foregoing, Big Blue's first assignment of error is overruled.

ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED BY GRANTING A JUDGMENT OF FORECLOSURE WHEN APPELLEE DID NOT DEMONSTRATE COMPLIANCE WITH ALL CONDITIONS PRECEDENT TO FORECLOSURE.

{¶17} In its second assignment of error, Big Blue argues that "Bayview failed to establish compliance with all conditions precedent to foreclosure regarding acceleration of the note and mortgage." Specifically, Big Blue argues that Bayview failed to conduct the face-to-face meeting required under 24 C.F.R. 203.604. Big Blue also argues that, because Ms. Foye's affidavit did not allege compliance with certain HUD regulations, Bayview was not entitled to a decree of foreclosure.

{¶18} 24 C.F.R. 203.604 requires a mortgagee to conduct a face-to-face meeting with a borrower to resolve a default before the borrower falls three monthly payments behind, or to make a "reasonable effort to arrange such a meeting[.]" 24 C.F.R. 203.604. "This Court has previously held that the failure of a mortgagee to submit evidentiary materials in support of its motion for summary judgment that demonstrates it satisfied the HUD requirement to either have a face-to-face meeting or make 'reasonable efforts' to arrange such a meeting raises a genuine

issue of material fact that precludes summary judgment." *Liberty Savs. Bank, F.S.B. v. Bowie*, 9th Dist. Summit No. 27126, 2014-Ohio-1208, ¶ 8.

{¶19} Big Blue makes clear, however, that it is not arguing that Bayview should have conducted a face-to-face meeting with Big Blue. Rather, it argues that Bayview was required to present evidence establishing that it "complied with the HUD regulations with regards to its treatment of Tami Lee Hillman[,]" the original mortgagor. As Big Blue readily admits, it did not sign the note or mortgage. Bayview, therefore, argues that Big Blue – a nonparty to these contracts – lacks standing to raise this issue.

{¶20} We agree that Big Blue lacks standing to assert that Bayview failed to comply with HUD regulations as they relate to Ms. Hillman, the original mortgagor. "In order to have standing to allege error, * * * a party must assert its own rights rather than the rights of a third party." *State v. Smith*, 9th Dist. Summit No. 26159, 2012-Ohio-4436, ¶ 18, citing *Utility Serv. Partners, Inc. v. Pub. Util. Comm.*, 124 Ohio St.3d 284, 2009–Ohio–6764, ¶ 49. "If there was any error in this respect, it is not error that aggrieved [Big Blue], and [it] does not have standing to raise error on behalf of [Tami Lee Hillman] * * *." *Id.*

{¶21} Big Blue's second assignment of error is overruled.

III.

{¶22} Big Blue Capital Partners, LLC's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.


JENNIFER HENSAL
FOR THE COURT


CARR, J.
SCHAFER, J.
CONCUR.


APPEARANCES:

MARC E. DANN and GRACE M. DOBERDRUK, Attorneys at Law, for Appellant.

JASON A. WHITACRE and LAURA C. INFANTE, Attorneys at Law, for Appellee.