**[Cite as *Deutsche Bank Natl. Trust Co. v. James*, 2016-Ohio-7950.]**

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

DEUTSCHE BANK NATIONAL TRUST
COMPANY, AS TRUSTEES FOR
HOLDERS OF THE FIRST FRANKLIN
MORTGAGE LOAN TRUST 2006-FF9,
MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES 2006-FF9

      Appellee

      v.

KAWHANA A. JAMES, et al.

      Appellants

C.A. No.     28156

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV 2015-03-1983

DECISION AND JOURNAL ENTRY

Dated: November 30, 2016

---

SCHAFER, Judge.

**{¶1}** Defendants-Appellants, Kawhana James and Pierre Parks ("Appellants"), appeal the judgment of the Summit County Court of Common Pleas granting summary judgment in favor of Plaintiff-Appellee, Deutsche Bank National Trust Company, as Trustee for Holders of the First Franklin Mortgage Loan Trust 2006-FF9, Mortgage Pass-Through Certificates, Series 2006-FF9 ("Deutsche Bank"), and issuing a decree of foreclosure. For the reasons set forth below, we affirm.

I.

**{¶2}** In March of 2006, James executed a promissory note and mortgage for a residential property located in Macedonia, Ohio. In 2012, James defaulted on her mortgage payments. Also in 2012, the mortgage was assigned to Deutsche Bank. In 2013, Deutsche Bank

mailed a notice of default to James. On March 25, 2015, Deutsche Bank filed a complaint in foreclosure against James and her spouse, Parks,[1] arguing that they were in default on the promissory note in the amount of $345,949.77, plus interest. Appellants subsequently filed an answer denying the allegations set forth in Deutsche Bank's complaint in foreclosure. Appellants also asserted several counterclaims against Deutsche Bank, but the trial court eventually granted Deutsche Bank's motion to dismiss those counterclaims.

{¶3}  On December 22, 2015, Deutsche Bank filed a motion for summary judgment. Appellants subsequently filed a brief in opposition to Deutsche Bank's summary judgment motion, to which Deutsche Bank filed a reply brief in support of its summary judgment motion. On February 22, 2016, the trial court granted Deutsche Bank's motion for summary judgment and issued a decree of foreclosure.

{¶4}  Appellants filed this timely appeal and raise two assignments of error for our review. To facilitate our analysis, we elect to address both of Appellants' assignments of error together.

II.

### Assignment of Error I

**The trial court erred when it granted a judgment of foreclosure when material issues of fact remained involving possession and appearance of the original note.**

### Assignment of Error II

**The trial court erred by granting a judgment of foreclosure when Appellee did not demonstrate compliance with all conditions precedent to foreclosure.**

---

[1] Deutsche Bank also named two other parties as defendants in its complaint in foreclosure. The other named parties are not relevant to this appeal.

**{¶5}** In their first and second assignments of error, Appellants argue that the trial court erred by granting summary judgment to Deutsche Bank because genuine issues of material fact remain to be litigated. Specifically, Appellants challenge the admissibility of the evidence offered in support of Deutsche Bank's motion for summary judgment by asserting that the affidavit of Daniel Leon, the second assistant vice president of Specialized Loan Servicing, LLC[2] ("SLS"), is insufficient under Civ.R. 56(E) to demonstrate his personal knowledge as to Deutsche Bank's possession of the note. Appellants further contend that Deutsche Bank failed to demonstrate its compliance with the conditions precedent contained within the mortgage.

### A. Standard of Review

**{¶6}** We review an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). Summary judgment is only appropriate where (1) no genuine issue of material fact exists; (2) the movant is entitled to judgment as a matter of law; and (3) the evidence can only produce a finding that is contrary to the non-moving party. Civ.R. 56(C). Before making such a contrary finding, however, a court must view the facts in the light most favorable to the non-moving party and must resolve any doubt in favor of the non-moving party. *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 358-359 (1992).

**{¶7}** Summary judgment consists of a burden-shifting framework. To prevail on a motion for summary judgment, the party moving for summary judgment must first be able to point to evidentiary materials that demonstrate there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). Once a moving party satisfies its burden of supporting its motion for

---

[2] Leon averred that SLS is a loan servicing agent for Deutsche Bank National Trust Company.

summary judgment with sufficient and acceptable evidence pursuant to Civ.R. 56(C), Civ.R. 56(E) provides that the non-moving party may not rest upon the mere allegations or denials of the moving party's pleadings. Rather, the non-moving party has a reciprocal burden of responding by setting forth specific facts, demonstrating that a "genuine triable issue" exists to be litigated for trial. *State ex rel. Zimmerman v. Tompkins*, 75 Ohio St.3d 447, 449 (1996).

{¶8} In general, "[t]o properly support a motion for summary judgment in a foreclosure action, a plaintiff must present evidentiary-quality materials showing: (1) the movant is the holder of the note and mortgage, or is a party entitled to enforce the instrument; (2) if the movant is not the original mortgagee, the chain of assignments and transfers; (3) the mortgagor is in default; (4) all conditions precedent have been met; and (5) the amount of principal and interest due." *HSBC Mtge. Servs., Inc. v. Watson*, 3d Dist. Paulding No. 11-14-03, 2015-Ohio-221, ¶ 24, quoting *Wright-Patt Credit Union, Inc. v. Byington*, 6th Dist. Erie No. E-12-002, 2013-Ohio-3963, ¶ 10. We note that "[a] foreclosure requires a two[-]step process." (Internal quotations and citations omitted.) *Natl. City Bank v. Skipper*, 9th Dist. Summit No. 24772, 2009-Ohio-5940, ¶ 25. "Once a court has determined that a default on an obligation secured by a mortgage has occurred, it must then consider the equities of the situation in order to decide if foreclosure is appropriate." (Internal quotations and citations omitted.) *Lakeview Loan Servicing, L.L.C. v. Dancy*, 9th Dist. Summit No. 27889, 2016-Ohio-7106, ¶ 10, quoting *Skipper* at ¶ 25.

### B. The Sufficiency of Deutsche Bank's Supporting Affidavits

{¶9} In their first assignment of error, Appellants argue that the affidavit of Daniel Leon, the second assistant vice president of SLS, is deficient because it was not based on personal knowledge as to the location of the original note after its origination. Specifically, Appellants take issue with Leon's averment that "[a]t the time of filing of the complaint [in

foreclosure], and continuously since, Plaintiff or Plaintiff's agent has been in possession of the original note." We disagree with Appellants' argument.

{¶10} "[A]ffidavits submitted in support of or in opposition to motions for summary judgment 'shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit.'" *Maxum Indemnity Co. v. Selective Ins. Co. of S.C.*, 9th Dist. Wayne No. 11CA0015, 2012–Ohio–2115, ¶ 18, quoting Civ.R. 56(E). Generally, "a mere assertion of personal knowledge satisfies the personal knowledge requirement of Civ.R. 56(E) if the nature of the facts in the affidavit combined with the identity of the affiant creates a reasonable inference that the affiant has personal knowledge of the facts in the affidavit." *Bank One, N.A. v. Lytle*, 9th Dist. Lorain No. 04CA008463, 2004–Ohio–6547, ¶ 13. "If particular averments contained in an affidavit suggest that it is unlikely that the affiant has personal knowledge of those facts, [however,] then * * * something more than a conclusory averment that the affiant has knowledge of the facts [is] required." (Internal quotations and citations omitted.) *Bank One N.A. v. Swartz*, 9th Dist. Lorain No. 03CA008308, 2004–Ohio–1986, ¶ 14. This Court "cannot infer personal knowledge from the averment of personal knowledge alone." *Maxum Indemnity Co.* at ¶ 22.

{¶11} In support of their argument that Leon lacked personal knowledge as to the location of the note, Appellants cite to *Bank of New York Mellon v. Villalba*, 9th Dist. Summit No. 26709, 2014-Ohio-4351, where this Court held that Bank of New York Mellon failed to meet its initial *Dresher* burden of establishing the absence of a material fact that it had standing to enforce the note or seek foreclosure against the defendants. *Id*. at ¶ 16. In so holding, we noted that the supporting affidavit of the bank's assistant vice president, which averred that the

bank "directly or through an agent" had possession of the note, was unclear and used "imprecise language" which seemed to indicate that she lacked personal knowledge of the bank's possession of the note. *Id*. at ¶ 13.

**{¶12}** We determine that Appellants' reliance upon *Villalba* is misplaced, as the facts of this case and the facts in *Villalba* are distinguishable. In *Villalba*, only one affidavit was filed in support of the Bank of New York Mellon's summary judgment motion and that affidavit was insufficient in demonstrating personal knowledge that the bank had possession of the promissory note, thus indicating that the affiant was unsure of the location of the promissory note. However, our review of the record here indicates that Deutsche Bank filed two affidavits in support of its motion for summary judgment. One affidavit is from Leon, wherein Leon averred based upon personal knowledge that SLS's business records show that SLS assumed responsibility for servicing the loan at issue on November 1, 2012, that the loan was in default, that the borrower owes the principal sum of $345,949.77 plus interest, that a notice of default letter was sent to Appellant on May 9, 2013, and that Deutsche Bank or Deutsche Bank's agent has been in possession of the original note since the complaint was filed. Leon appended "true and accurate copies" of the note, the mortgage, the payment history, and the demand letter relevant in this matter to his affidavit. The second affidavit that was attached to Deutsche Bank's motion for summary judgment is from Rachel Valli, a document custodian who is employed by the law firm representing Deutsche Bank in the instant matter. Unlike the affidavit in *Villalba*, Valli averred that she made her affidavit based on her personal knowledge and her experience as a document custodian. Specifically, Valli averred that she is able to testify that the original promissory note at issue in this matter was delivered to her place of employment on or about March 15, 2015, approximately 10 days before Deutsche Bank filed its complaint in foreclosure. Lastly, Valli

averred that the original note is still located at the law firm and that she has compared the original note to the copy of the note that was attached to her affidavit.

{¶13} After careful consideration, we determine that Valli's affidavit sufficiently established her personal knowledge as to Deutsche Bank's possession of the original note at the time that the complaint was filed and at all times thereafter. *See Bayview Loan Servicing, L.L.C. v. Big Blue Capital Partners, L.L.C.*, 9th Dist. Summit No. 27790, 2016-Ohio-3433. Thus, we conclude that Deutsche Bank satisfied its initial *Dresher* burden in proving the absence of any genuine issue of material fact as it relates to the appearance and location of the note. As Appellants' brief in opposition merely disputes the quality of evidentiary materials cited within Deutsche Bank's motion for summary judgment, we must conclude that Appellants failed to meet their reciprocal burden setting forth specific facts which demonstrate the existence of a genuine issue of triable fact. Moreover, because Appellants failed to develop any argument concerning the sufficiency of Valli's affidavit in their brief in opposition to Deutsche Bank's motion for summary judgment, they are precluded from raising this issue on appeal. *See Roberts v. Reyes*, 9th Dist. Lorain No. 10CA009821, 2011-Ohio-2608, ¶ 9. Accordingly, we determine that the trial court did not err by granting summary judgment in favor of Deutsche Bank and issuing a decree of foreclosure.

{¶14} Appellants' first assignment of error is overruled.

**C. Deutsche Bank's Compliance with the Mortgage's Conditions Precedent**

{¶15} In their second assignment of error, Appellants argue that the trial court erred by granting a judgment of foreclosure when Deutsche Bank failed to comply with all conditions precedent to foreclosure. Specifically, Appellants contend that the notice of default was

insufficient because it failed to properly advise them of their right to assert defenses in the foreclosure case as required by paragraph 22 of the mortgage. We disagree.

{¶16} Paragraph 22 of the mortgage governs acceleration. It provides that, prior to acceleration, the lender must provide the borrower with notice that specifies: (1) the default; (2) the action required to cure the default; (3) a date by which the default must be cured, which cannot be less than 30 days from the date the notice is given to the borrower; (4) that the borrower's failure to cure the default on or before the specified date may result in acceleration, foreclosure, and the sale of the property; and (5) that the borrower has the right to reinstate after acceleration and has the right to assert defenses in any foreclosure proceeding.

{¶17} At the outset, we note that Appellants do not dispute having received the notice of default and notice of intent to foreclose. Rather, Appellants argue that Deutsche Bank "failed to establish compliance with all conditions precedent to foreclosure regarding acceleration of the note and mortgage." However, a careful review of the notice of default and notice of intent to foreclose issued to Appellants indicates that it contained all of the requisite information. Specifically, the notice of default and notice of intent to foreclose that was sent to Appellants explicitly states that the note "is now in default" and that in order "to cure such default you are required to pay * * * all past due payments plus late charges and any payments that may become due between the date of this notice and the date the default is cured." The notice states that the amount required to cure the arrears as of May 9, 2013, is $34,342.80. The notice further states that the borrower's failure to pay the total amount due under the terms and conditions of the mortgage by June 11, 2013, "may result in acceleration of the entire balance outstanding under the Note including, but not limited to, the principal, interest and all other outstanding charges and costs, and commencement of foreclosure of the Trust Deed/Mortgage which is security for [the]

Note." Lastly, the notice expressly states that the borrower has "the right to reinstate the Note after acceleration as provided by law" and "the right to bring court action to assert the nonexistence of default or any other defense you have to acceleration or sale."

{¶18} In support of their argument that Deutsche Bank failed to comply with the mortgage's conditions precedent, Appellants cite to a litany of cases where Ohio courts of appeals have reversed summary judgment due to a bank's failure to satisfy conditions precedent. However, the cases cited within Appellants' merit brief are factually distinguishable from the present case. Thus, viewing the notice of default and notice of intent to foreclose in a light most favorable to Appellants, we determine that Deutsche Bank satisfied its initial *Dresher* burden in demonstrating its compliance with all conditions precedent contained within the mortgage. In their brief in opposition to Deutsche Bank's motion for summary judgment, Appellants did not cite to any evidentiary materials within the record showing the existence of a genuine issue of material fact as to Deutsche Bank's compliance or non-compliance with the mortgage's conditions precedent. Rather, Appellant's opposition brief merely contests the legal sufficiency of Deutsche Bank's notice of default and notice of intent to foreclose. Thus, having already determined that the notice of default and notice of intent to foreclose contained all of the necessary information required by paragraph 22 of the mortgage, we conclude that Appellants failed to satisfy their reciprocal burden on summary judgment. Accordingly, we determine that the trial court did not err by granting summary judgment in favor of Deutsche Bank, as no genuine issue of material fact exists concerning Deutsche Bank's compliance with the mortgage's conditions precedent.

{¶19} Appellants' second assignment of error is overruled.

III.

**{¶20}** With both of Appellants' assignments of error having been overruled, the judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

—————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellants.

JULIE A. SCHAFER
FOR THE COURT

WHITMORE, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

MARC E. DANN, Attorney at Law, for Appellants.

JASON A. WHITACRE, Attorney at Law, for Appellee.